STATE OF HAWAII, Plaintiff-Appellee, *v.* JAMES A. MERSBERG, Defendant-Appellant

NO. 6250

MAY 7, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ., AND
RETIRED JUSTICES MARUMOTO AND KOBAYASHI
ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* The Court has reviewed the record in this case and has considered the issues and arguments raised by the parties. Based upon the facts and circumstances of this case and upon applicable law, the Court concludes that there is no reversible error.

A trial judge in the disposition of any matter before him, *particularly in the sentencing process*, should always consider all of the possible alternatives available. . . . (Emphasis added.)

*State v. Martin*, 56 Haw. 292, 294, 535 P.2d 127, 128 (1975).

In the instant case we are satisfied that the trial court did consider all possible alternative sentences, including the provisions of HRS § 706-667. However, in order to forestall any claims that the court failed to do so, the trial court would be well advised to state clearly on the record that these alternatives were considered. Such a record would be especially helpful and relevant when a young adult defendant is sentenced upon his conviction of a crime.

Affirmed.

*Renee M. L. Yuen*, Deputy Public Defender (*Edmund K. U. Yee*, Deputy Public Defender, with her on the briefs) for defendant-appellant.

*Albert H. Esposito*, Deputy Prosecuting Attorney (*Keith L. Walker*, Deputy Prosecuting Attorney, on the brief) for plaintiff-appellee.