**STATE OF HAWAII**, Plaintiff–Appellee, v. **RAYMOND LAU**, Defendant–Appellant

NO. 15392

(CR. NO. 90–1865)

JUNE 17, 1992

LUM, C.J., WAKATSUKI, MOON, KLEIN, AND LEVINSON, JJ.

OPINION OF THE COURT BY MOON, J.

Defendant–appellant Raymond Lau (appellant) appeals his sentence entered by the circuit court following his class A felony drug conviction. Appellant contends that the sentencing court

committed reversible error by not stating its reasons for imposing a twenty year sentence. Thus, appellant argues, it is unknown if the court considered the alternative eight year sentence under the young adult defendants statute for which he was qualified. Our review of the record reveals that the sentencing court had the benefit of a pre–sentence report, the arguments of counsel, which included references to both the ordinary twenty year term and the special indeterminate term of eight years, and appellant's personal statement. Thus, we can reasonably infer that the court did consider the sentencing alternatives, and we therefore affirm.

## I.

Subsequent to appellant's conviction on April 16, 1991, the trial court ordered that a pre–sentence report be prepared for the sentencing hearing. *See* Hawaii Revised Statutes (HRS) § 706–601 (1985 & Supp. 1991) (pre–sentence report shall be ordered when the defendant is less than twenty–two years of age). At the time of sentencing, appellant was twenty–one years of age.

Having committed a class A felony, appellant faced the possibility of being sentenced to an indeterminate term of twenty years. HRS § 706–659.[1] However, because of his age, appellant was qualified to be sentenced under the young adult defendants statute, and could have received a special indeterminate term of eight years for committing a class A felony. HRS § 706–667.[2]

---

[1] HRS § 706–659 provides, in relevant part, that "[n]otwithstanding . . . suspension of sentence and probation . . . and any other law to the contrary, a person who has been convicted of a class A felony shall be sentenced to an indeterminate term of imprisonment of twenty years without possibility of suspension of sentence or probation." HRS § 706–659 (1985).

[2] The young adult defendants statute provides in relevant part:

(1) Defined. A young adult defendant is a person convicted of a crime who, at the time of sentencing, is sixteen years of age or older but less than twenty–two years of age, and who has not been previously convicted of a

At the sentencing hearing on June 3, 1991, the State urged the court to impose a twenty year sentence on the grounds that appellant was convicted of a class A felony. The State argued that, "[t]he elements of the offense, as noted by the pre–sentence report suggest a large scale of criminal professionalism and sophistication shown by the large quantity of contraband and extensive drug trafficking involved," and "[the appellant] by his own admission [at trial] was able to traffic ten kilograms of cocaine a week."

Defense counsel argued for the imposition of a prison term, but asserted that the sentencing court had two alternatives, either a mandatory twenty year term under the class A felony statute or an eight year term under the young adult defendants statute. Defense counsel further argued that the eight year term should be imposed because, as the pre–sentence report demonstrated, appellant did not have any prior convictions; he had a family to support; he had been trying to rehabilitate himself by working since he was arrested; and he should have an opportunity to rehabilitate himself and start over, which the young adult defendants statute took into consideration. Appellant personally addressed the sentencing court and requested that he be given a second chance.

The court imposed the twenty year term of imprisonment, stating only:

---

felony as an adult or adjudicated as a juvenile for an offense committed at age sixteen or older which would have been a felony had he been an adult.
. . . .

(3) Special term. A young adult defendant convicted of a felony may, in lieu of any other sentence of imprisonment authorized by this chapter, be sentenced to a special indeterminate term of imprisonment if the court is of the opinion that such special term is adequate for his correction and rehabilitation and will not jeopardize the protection of the public. When ordering a special indeterminate term of imprisonment, the court shall impose the maximum length of imprisonment which shall be eight years for a class A felony . . .

HRS § 706–667(1) and (3) (1985).

All right, the [c]ourt is ready to impose sentence. The [c]ourt is going to commit defendant to the custody of the director of the department of public safety for twenty years imprisonment. Defendant is to be given credit for three days of pre–sentence detention credit.

This timely appeal followed.

## II.

Although a trial court has broad discretion when imposing sentence, it "must consider a variety of factors . . . in exercising its discretion in fitting the punishment to the crime 'as well as the needs of the individual defendant and the community.' " *State v. Nunes*, 72 Haw. 521, 524–25, 824 P.2d 837, 839 (1992) (citing *State v. Kumukau*, 71 Haw. 218, 225–26, 787 P.2d 682, 686–87 (1990)); *see also* HRS § 706–606 (Supp. 1991) (listing factors to consider when imposing sentence). "In any system' which vests discretion in the sentencing authority, it is necessary that the authority have sufficient and accurate information so that it may rationally exercise its discretion." HRS § 706–601 commentary. Such information is provided in a pre–sentence investigation report, which the court in this case was required to, and did, order due to appellant's age. HRS § 706–601. Under HRS § 706–602, a pre–sentence report

shall include an analysis of the circumstances attending the commission of the crime, the defendant's history of delinquency or criminality, physical and mental condition, family situation and background, economic status and capacity to make restitution or to make reparation to the victim or victims of his crimes for loss or damage caused thereby, education, occupation, and personal habits, and any other matters that the reporting person or agency deems relevant or the court directs to be included.

HRS § 706–602 (1985). Having ordered a pre–sentence report, the court was required to "accord due consideration to [such] a written report of the diagnosis before suspending or imposing sentence." HRS § 706–601. Additionally, a sentencing court should always consider all possible sentencing alternatives. *State v. Martin*, 56 Haw. 292, 294, 535 P.2d 127, 128 (1975).

In the present case, appellant does not challenge the sentencing court's determination regarding the necessity of imprisonment. Appellant's sole contention is that it is unknown if the sentencing court considered the alternative eight year sentence because it failed to state the reasons for imposing the maximum twenty year sentence. Once the court determines that imprisonment is necessary, the court "is free . . . to choose" between the ordinary term or the special indeterminate sentence under the young adult defendants statute. HRS § 706–667 commentary.

Although there is no requirement for the sentencing court to state its reasons for imposing sentence, we have urged and strongly recommended that the sentencing court do so and to also state that sentencing alternatives were considered, especially when a young adult defendant is sentenced. *State v. Mersberg*, 61 Haw. 1, 594 P.2d 1078 (1979); *see also State v. Hopkins*, 60 Haw. 540, 592 P.2d 810 (1979).

In *Mersberg*, we stated that

> in order to forestall any claims that the court failed to [consider all possible alternative sentences, including the provisions of the young adult defendants statute], the trial court would be well advised to state clearly on the record that these alternatives were considered. Such a record would be especially helpful and relevant when a young adult defendant is sentenced upon his conviction of a crime.

61 Haw. at 2, 594 P.2d at 1078.

The record reveals that defense counsel presented both sentencing alternatives and argued for the imposition of the eight year sentence while the State argued for the twenty year sentence. Both parties supported their arguments with cogent reasons based in part on information from the pre–sentence report. The record also indicates that all parties and the sentencing court had copies of the pre–sentence report and that counsel referred to it in support of their respective arguments to the court. However, the pre–sentence report was not made part of the record, and is therefore not available for review on appeal.

Nonetheless, based on our review of the record, we believe the sentencing court complied with the statutory requirement of according due consideration to the pre–sentence report. We are also satisfied that having considered the pre–sentence report, the arguments of counsel, and appellant's personal statement, the sentencing court was aware of all sentencing alternatives. Thus, a reasonable inference can be drawn that the court considered the alternatives prior to imposing the twenty year term of imprisonment.

In order to negate the unnecessary and time–consuming search of the record on appeal, we emphasize and reiterate our caveat in *Mersberg* that where sentencing alternatives are available, the sentencing court should state clearly on the record that such alternatives were considered.

Further, we understand that traditionally the pre–sentence report is not admitted into evidence or made part of the record on appeal. We recognize that such practice complies with HRS § 806–73, which provides that all records of the adult probation divisions, including pre–sentence reports "are confidential and are not public records." That section specifically limits the distribution of the pre–sentence report to specific persons or entities listed therein. HRS § 806–73(2). We note, however, that had the pre–sentence report been made a part of the record in this case (and

ordered sealed to comply with the confidentiality requirement of HRS § 806–73), our review of the report could have been helpful in determining all of the specific factors which the sentencing court had before it when it considered the sentencing alternatives. Thus, in order to maintain a complete record and to facilitate appellate review of whether the sentencing court properly exercised its discretion, we now mandate that the sentencing court make such report part of the record in all cases where a pre–sentence report has been prepared and that the report be sealed.

Finally, we note in this case, defense counsel failed to request the sentencing court state its reasons for imposing the twenty year sentence. Whenever a defendant is qualified for sentencing alternatives and the sentence imposed is unsatisfactory to the defendant, we strongly encourage and recommend that counsel request the sentencing court to state its reasons for imposing the particular sentence. If counsel in this case had done so, the present appeal might have been unnecessary.

### III.

Finding no reversible error, we affirm appellant's sentence.

*Richard D. Gronna* for defendant–appellant.

*Doraine M. Belnap*, Deputy Prosecuting Attorney, for plaintiff–appellee.