85 P.3d 196

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Herbert H. FRENCH, aka Greg H. French and Frenchy, Defendant–Appellant,**

**and**

**State of Hawai'i, Plaintiff,**

v.

**Keala Montervon, aka Keala, Jr., Defendant.**

**No. 25103.**

Intermediate Court of Appeals of Hawai'i.

Jan. 30, 2004.

As Amended Feb. 3, 2004.

---

Warren H. Kim (Clifford B. Hunt, Honolulu, on the briefs) for defendant-appellant.

Bryan K. Sano, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

BURNS, C.J., WATANABE and FOLEY, JJ.

Opinion of the Court by FOLEY, J.

## I.

Defendant–Appellant Herbert H. French, aka Greg H. French aka Frenchy, (French) appeals from the Judgment filed on April 15, 2002 in the Circuit Court of the First Circuit (circuit court).[1]

On April 30, 2001, French was charged by complaint with:

Count I: Robbery in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 708–840(1)(b)(i) (Supp.2003).[2]

---

1. The Honorable Karen S.S. Ahn presided.

2. Hawaii Revised Statutes (HRS) § 708–840(1)(b)(i) (1993 & Supp.2003) provides now, as

it did when the complaint was filed, in relevant part:

**§ 708–840 Robbery in the first degree.** (1) A person commits the offense of robbery in

Count II: Burglary in the First Degree, in violation of HRS § 708–810(1)(c) (1993).[3]

On December 14, 2001, after a jury trial, French was convicted of the included offense of Robbery in the Second Degree, pursuant to HRS § 708–841 (1993),[4] and Burglary in the First Degree as charged.

On appeal, French argues: (1) the circuit court erred by not instructing the jury that the State's failure to call all possible witnesses might be considered in deciding whether the jury had a reasonable doubt concerning French's guilt; (2) the circuit court erred by refusing to instruct the jury on Theft in the Third Degree; and (3) the circuit court erred by refusing to conduct an *in camera* review of the complaining witness's Adult Probation Division records (APD records) for evidence of untruthfulness and dishonesty.

We conclude the circuit court did not err (1) by refusing to instruct the jury that the State's failure to call all witnesses might be considered in deciding whether the jury had a reasonable doubt about French's guilt and (2) by refusing to instruct the jury on Theft in the Third Degree. However, we hold that the circuit court did abuse its discretion by not conducting an *in camera* review of the complaining witness's APD records for evidence of untruthfulness and dishonesty.

## II.

On April 30, 2001, French was charged by complaint with Robbery in the First Degree and Burglary in the First Degree. On October 18, 2001, French issued a subpoena duces tecum for the APD Records of the complaining witness, Michael David Berry, Jr. (Berry). On November 1, 2001, the circuit court held a return hearing on the subpoena duces tecum, wherein French asked the circuit court to review the APD records *in camera* for information regarding Berry's truthfulness and dishonesty. The circuit court denied French's request for an *in camera* review and sealed the records for appellate review.

Jury trial began on December 11, 2001. Berry testified that on April 19, 2001, around 4:00 a.m., he was in a hotel room in Waikiki with some friends. French, together with a co-defendant, Keala Montervon (Montervon), and an unidentified male, forced open the hotel room door and began punching and kicking Berry's head, chest, and back. While Berry was being kicked, his wallet was cut

---

the first degree if, in the course of committing theft:

. . . .

(b) The person is armed with a dangerous instrument and:
  (i) The person uses force against the person of anyone present with intent to overcome that person's physical resistance or physical power of resistance[.]

. . . .

(2) As used in this section, "dangerous instrument" means any firearm, whether loaded or not, and whether operable or not, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or threatened to be used is capable of producing death or serious bodily injury.

(3) Robbery in the first degree is a class A felony.

**3.** HRS § 708–810(1)(c) (1993) provides in relevant part:

**§ 708–810  Burglary in the first degree.** (1) A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:

. . . .

(c) The person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

. . . .

(3) Burglary in the first degree is a class B felony.

**4.** HRS § 708–841 (1993) provides:

**§ 708–841  Robbery in the second degree.** (1) A person commits the offense of robbery in the second degree if, in the course of committing theft:

(a) The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance;

(b) The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property; or

(c) The person recklessly inflicts serious bodily injury upon another.

(2) Robbery in the second degree is a class B felony.

out from his back pocket with a chrome knife. Berry saw French leave the hotel room holding Berry's wallet in his left hand and the knife in his right hand. After French and the two males left, Berry noticed that a purple bag, a watch, and a gold chain were missing from his room. Berry testified there was no money in his wallet when it was taken from him.

That same morning, Berry reported the incident to Police Officer Tish Taniguchi at approximately 4:18 a.m., and Police Officer Randall Rivera arrested French in the back of a taxicab at approximately 4:35 a.m. Officer Rivera testified that a search incident to the arrest found that French had a gold chain, small watch, and silver knife in his possession. Berry identified the watch and chain as his from a photograph he was shown by the police.

During the settling of jury instructions on December 12, 2001, French requested that the circuit court add the following to the court's instruction number 12: "[Y]ou may consider the failure of the prosecution to call them [all the witnesses present at the incident] in deciding whether or not you have a reasonable doubt." Over French's objection, the circuit court denied the request. On December 13, 2001, French's request to instruct the jury on Theft in the Third Degree was denied, over French's objection, based upon the lack of evidence regarding the value of the items allegedly taken by French. The jury was instructed on Robbery in the First Degree, Robbery in the Second Degree, Theft in the Second Degree, Theft in the Fourth Degree, Burglary in the First Degree, and Criminal Trespass in the First Degree.

### III.

■ French contends the circuit court erred by not instructing the jury that it might consider the State's failure to call as witnesses all persons who may have been present at any of the events disclosed by the evidence or who may have appeared to have had some knowledge of those events in deciding whether it had reasonable doubt. The State contends that jury instructions on reasonable doubt were sufficient and no specific jury instruction about not calling all available witnesses was required.

The United States Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course. Indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proven beyond a reasonable doubt, the United States Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Rather, taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury.

*State v. Iosefa*, 77 Hawai'i 177, 183, 880 P.2d 1224, 1230 (App.1994) (internal quotation marks and brackets omitted) (quoting *Victor v. Nebraska*, 511 U.S. 1, 5, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994)).*See also State v. Olivera*, 57 Haw. 339, 342, 555 P.2d 1199, 1201 (1976).

The circuit court instructed the jury as follows:

[COURT:] You must not find either defendant guilty upon mere suspicion or upon evidence which only shows that the defendant is probably guilty. What the law requires before either defendant can be found guilty is not suspicion, not probabilities, but proof of the defendant's guilt beyond a reasonable doubt.

What is reasonable doubt?

It is a doubt in your mind about the defendant's guilt which arises from the evidence presented or from the lack of evidence and which is based upon reason and common sense.

Each of you must decide, individually, whether there is or is not such a doubt in your mind after careful and impartial consideration of the evidence.

Be mindful, however, that a doubt which has no basis in the evidence presented, or the lack of evidence, or reasonable inferences therefrom, or a doubt which is based upon imagination, suspicion or mere speculation or guesswork is not a reasonable doubt.

The circuit court instructed the jury that reasonable doubt included lack of evidence.

The circuit court did not err by refusing to include French's additional sentence to the jury instruction that the jury might consider the State's failure to call witnesses in deciding whether there was reasonable doubt.

■ "When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." *State v. Cabrera,* 90 Hawai'i 359, 364–65, 978 P.2d 797, 802–03 (1999) (quoting *State v. Maumalanga,* 90 Hawai'i 58, 62, 976 P.2d 372, 376 (1998)). The circuit court's refusal to add French's proposed sentence to the court's jury instruction number 12 on reasonable doubt did not make the instruction given to the jury "prejudicially insufficient, erroneous, inconsistent, or misleading." *Cabrera,* 90 Hawai'i at 364–65, 978 P.2d at 802–03.

### IV.

■ French contends the circuit court erred by not giving a jury instruction on the offense of Theft in the Third Degree as an included offense of Robbery in the First Degree. The State contends there was no evidence presented at trial by which the jury could conclude French was guilty of Theft in the Third Degree. Additionally, the State contends that if it were error not to give the instruction on Theft in the Third Degree, the error was harmless because French was convicted of the greater offense of Robbery in the Second Degree.

■ Theft, regardless of degree, is an included offense of first degree robbery. *State v. Vinge,* 81 Hawai'i 309, 319, 916 P.2d 1210, 1220 (1996). Hawaii Revised Statutes § 701–109(5) (1993) states that "[t]he court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense."

Hawaii Revised Statutes § 708–832 (1993) states in relevant part:

§ 708–832 **Theft in the third degree.** (1) A person commits the offense of theft in the third degree if the person commits theft:

(a) Of property or services the value of which exceeds $100[.]

Hawaii Revised Statutes § 708–833 (1993) states in relevant part:

§ 708–833 **Theft in the fourth degree.** (1) A person commits the offense of theft in the fourth degree if the person commits theft of property or services of any value not in excess of $100.

At trial, Berry testified that his wallet, watch, and gold chain were taken by French and Montervon. Berry also testified that no money was in his wallet at the time of the alleged robbery. There was no testimony about the value of Berry's wallet, watch, or gold chain. There was no rational basis in the evidence for a verdict convicting French of Theft in the Third Degree because there was no evidence to show the property taken by French had a value in excess of $100.

■ Assuming *arguendo* that the failure to give a jury instruction of Theft in the Third Degree was error, it was harmless error because French was convicted of the greater offense of Robbery in the Second Degree. The first sentence of HRS § 708–841 states that a "person commits the offense of robbery in the second degree if, in the course of committing theft: . . . ." Theft is an element of Robbery in the Second Degree; therefore, a defendant cannot commit second degree robbery without committing theft. *See generally Vinge,* 81 Hawai'i at 318–19, 916 P.2d at 1219–20. In *State v. Pauline,* 100 Hawai'i 356, 60 P.3d 306 (2002), the Hawai'i Supreme Court stated:

[T]he failure to instruct the jury on an included offense is harmless when the jury convicts the defendant of the charged offense or of an included offense greater than the included offense erroneously omitted from the instructions. The error is harmless because jurors are presumed to follow the court's instructions, and, under the standard jury instructions, the jury in reaching a unanimous verdict as to the charged offense or as to the greater included offense, would not have reached, much less considered, the absent lesser

offense on which it should have been instructed.

*Id.* at 381, 60 P.3d at 331 (block quotation format omitted) (quoting *State v. Haanio*, 94 Hawai'i 405, 415–16, 16 P.3d 246, 256–57 (2001)).

## V.

■ French contends the circuit court erred by refusing to review *in camera* Berry's APD records for discoverable evidence of dishonesty and untruthfulness.[5] The State contends HRS § 806–73(b) (Supp.2003) prohibits French from accessing Berry's APD records because the records are confidential and not public. Hawaii Revised Statutes § 806–73(b) provides:

> **§ 806–73 Duties and powers of probation officers; adult probation records.**
>
> . . . .
>
> (b) All records of the Hawaii state adult probation divisions shall be confidential and shall not be deemed to be public records. As used in this section, the term "records" includes but is not limited to all records made by any adult probation officer in the course of performing the probation officer's official duties; provided that the records, or the content of the records, shall be divulged only as follows:
>
> (1) A copy of any adult probation division case record or of a portion of it, or the case record itself, upon request, may be provided to an adult probation officer of a Hawaii state adult probation division, a family court officer who is preparing a report for the courts, or a state or federal criminal justice agency that:
>
> (A) Is providing supervision of a defendant or offender convicted and sentenced by the courts of Hawaii; or
>
> (B) Is responsible for the preparation of a report for a court;
>
> (2) The contents of any adult probation division case record relating to the residence address, work address, home telephone number, or work telephone number of a probationer shall be provided only to a law enforcement officer as defined in section 710–1000(13) to locate the probationer for the purpose of serving a summons or bench warrant in a civil, criminal, or deportation hearing, or for the purpose of a criminal investigation; and
>
> (3) A copy of a presentence report or investigative report shall be provided only to:
>
> (A) The persons or entities named in section 706–604;
>
> (B) The Hawaii paroling authority;
>
> (C) Any psychiatrist, psychologist, or other treatment practitioner who is treating the defendant pursuant to a court order or parole order for that treatment;
>
> (D) The intake service centers;
>
> (E) In accordance with applicable law, persons or entities doing research; and
>
> (F) Any Hawaii state adult probation officer or adult probation officer of another state or federal jurisdiction who:
>
> (i) Is engaged in the supervision of a defendant or offender convicted and sentenced in the courts of Hawaii; or
>
> (ii) Is engaged in the preparation of a report for a court regarding a

---

**5.** French's substituted counsel cited *State v. Alo*, 2003 Haw.App. Lexis 91 (Haw.Ct.App. March 24, 2003) in a Citation of Supplemental Authority filed pursuant to Hawaii Rules of Appellate Procedure (HRAP) Rule 28(j). *State v. Alo*, 2003 Haw.App. Lexis 91, was an "Order of Temporary Remand to the Circuit Court of the First Circuit." This Order of Remand was depublished by *State v. Alo*, 2003 WL 1956311, 2003 Haw. App. Lexis 117 on April 14, 2003. A Memorandum Opinion was filed on April 28, 2003 (*State v. Alo*, 2003 WL 2008240, 2003 Haw.App. Lexis 136 (Haw. Ct.App., April 28, 2003)). French's substituted counsel was appointed on June 25, 2003. Counsel submitted the Citation of Supplemental Authority on October 31, 2003, over six months after *State v. Alo*, Lexis 91, was depublished. Under HRAP Rule 28(j), counsel may cite only to published authorities. French's substituted counsel is warned that future non-compliance with HRAP 28(j) may result in sanctions against him.

defendant or offender convicted and sentenced in the courts of Hawaii.

The Ninth Circuit Court of Appeals has held that "[a] defendant is entitled to material in a probation file that bears on the credibility of a significant witness in the case." *United States v. Strifler,* 851 F.2d 1197, 1201 (9th Cir.1988). The trial court should review the file *in camera* and release to the defendant all information regarding the witness's character. *Id.* In *Strifler,* the Ninth Circuit Court of Appeals relied on the United States Supreme Court's decision in *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). In *Brady,* the Supreme Court based its holding on the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

The State relies on *State v. Greyson,* 70 Haw. 227, 768 P.2d 759 (1989), for the proposition that information found in Berry's APD records cannot be disclosed to French. In *Greyson,* the Hawai'i Supreme Court ruled that a presentence report may not be used for purposes not contemplated by HRS § 806–73. *Greyson,* 70 Haw. at 234, 768 P.2d at 763. The court also stated that a "trial court cannot disregard a statutory prohibition against the use of certain information." *Id.* at 233, 768 P.2d at 762. The Due Process Clause of the Fourteenth Amendment was not at issue in *Greyson* because it was the defendant who claimed the presentence report was confidential under HRS § 806–73.

The State also cites *State v. Lau,* 73 Haw. 259, 264–65, 831 P.2d 523, 526 (1992), in support of its argument that the court must seal all APD records in order to comply with the confidentiality requirement of HRS § 806–73.

Subsequent to the filing of this appeal, the Hawai'i Supreme Court in *State v. Peseti,* 101 Hawai'i 172, 65 P.3d 119 (2003), held that the victim-counselor privilege set forth in Hawai'i Rules of Evidence (HRE) Rule 505.5(b) may yield to a criminal defendant's right to confront adverse witnesses under the Due Process Clause of the Fourteenth Amendment and Article I, Section 14 of the Hawai'i Constitution. The supreme court relied on the United States Supreme Court's

decision in *Brady,* as did the Ninth Circuit Court of Appeals in *Strifler.* The Hawai'i Supreme Court specifically held "that, when a statutory privilege interferes with a defendant's constitutional right to cross-examine, then, upon a sufficient showing by the defendant, the witness' [sic] statutory privilege must, in the interest of the truth-seeking process, bow to the defendant's constitutional rights." 101 Hawai'i at 181, 65 P.3d at 128. The court stated that while the defendant is entitled to know whether the information sought might have changed the outcome of his trial had such information been disclosed, defense counsel should not have direct access to the documents protected by the statutory privilege. *Id.* at 186, 65 P.3d at 133. The Hawai'i Supreme Court held that an *in camera* review of the subpoenaed documents by the trial court would serve the defendant's interest without destroying the State's need to protect confidentiality. *Id.* Upon completing its *in camera* review, the trial court shall produce any relevant portions of the documents to defense counsel and seal the remaining portions of the documents for appellate review. *Id.* at 187, 65 P.3d at 134. The standard of review on appeal is whether the trial court abused its discretion in producing portions of the documents. *Id.*

In this case, the circuit court denied French's request to disclose Berry's APD records or to conduct an *in camera* review of the records. The circuit court should have conducted an *in camera* review of Berry's APD records and released to French relevant information pertaining to Berry's truthfulness and honesty. The circuit court should have then sealed the remaining portions of the APD records.

## VI.

Accordingly, we vacate the April 15, 2002 Judgment and remand this case to the circuit court for an *in camera* review of Berry's APD records. If the circuit court concludes that any information contained in those records might have changed the outcome of French's trial had such information been dis-

closed, then French shall be entitled to a new trial. If the circuit court concludes that the information in the APD records would not have changed the outcome of the trial, it shall enter a new judgment reinstating French's convictions and sentences. *See* *State v. Moses,* 102 Hawai'i 449, 457, 77 P.3d 940, 948 (2003).