***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

 Electronically Filed
 Supreme Court
 SCWC-11-0000802
 19-JUN-2013
 08:20 AM

 IN THE SUPREME COURT OF THE STATE OF HAWAI#I

 ---o0o---

 STATE OF HAWAI#I,
 Respondent/Plaintiff-Appellant,

 vs.

 RUBIN IKOA CASUGAY-BADIANG,
 Petitioner/Defendant-Appellee.

 SCWC-11-0000802

 CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
 (CAAP-11-0000802; CR. NO. 11-1-0523)

 JUNE 19, 2013

 DISSENTING OPINION BY RECKTENWALD, C.J.,
 IN WHICH NAKAYAMA, J., JOINS

 I respectfully dissent. The statute governing

Methamphetamine Trafficking in the Second Degree provides that a

defendant “shall be sentenced” pursuant to that statute,

“[n]otwithstanding . . . any other law to the contrary[.]”

Hawai#i Revised Statutes (HRS) § 712-1240.8 (Supp. 2006). In my

view, this language reflects the legislature’s clear intent that
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

a defendant convicted of Methamphetamine Trafficking in the

Second Degree be sentenced pursuant to HRS § 712-1240.8, to the

exclusion of all other sentencing schemes, including HRS

§ 706-667 (Supp. 2006), the Young Adult Defendants statute.

Accordingly, I would affirm the judgment of the Intermediate

Court of Appeals, which vacated Rubin Ikoa Casugay-Badiang’s

sentence imposed pursuant to HRS § 706-667, and remanded for

resentencing pursuant to HRS § 712-1240.8.

 “[T]he fundamental starting point for statutory-

interpretation is the language of the statute itself.” First

Ins. Co. of Hawaii v. A&B Props., 126 Hawai#i 406, 414, 271 P.3d

1165, 1173 (2012). “[W]here the statutory language is plain and

unambiguous, our sole duty is to give effect to its plain and

obvious meaning.” Id. Here, HRS § 712-1240.8 provides:
 (1) A person commits the offense of
 methamphetamine trafficking in the second degree if
 the person knowingly distributes methamphetamine in
 any amount.
 (2) Methamphetamine trafficking in the second
 degree is a class B felony for which the defendant
 shall be sentenced as provided in subsection (3).
 (3) Notwithstanding sections 706-620, 706-640,
 706-641, 706-600, 706-669, and any other law to the
 contrary, a person convicted of methamphetamine
 trafficking in the second degree shall be sentenced to
 an indeterminate term of imprisonment of ten years
 with a mandatory minimum term of imprisonment of not
 less than one year and not greater than four years and
 a fine not to exceed $10,000,000; provided that:
 (a) If the person has one prior conviction for
 methamphetamine trafficking pursuant to
 this section or section 712-1240.7, the
 mandatory minimum term of imprisonment
 shall be not less than three years, four
 months and not greater than six years,
 eight months;
 (b) If the person has two prior convictions
 for methamphetamine trafficking pursuant
 to this section or section 712-1240.7, the
 mandatory minimum term of imprisonment

 -2-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

 shall be not less than six years, eight
 months and not greater than ten years; or
 (c) If the person has three or more prior
 convictions for methamphetamine
 trafficking pursuant to this section or
 section 712-1240.7, the mandatory minimum
 term of imprisonment shall be ten years.

(Emphasis added).

 “[T]his court has repeatedly employed a plain-language

analysis in interpreting statutes that contain the phrase,

‘notwithstanding any other law to the contrary[.]’” State v.

Smith, 103 Hawai#i 228, 234, 81 P.3d 408, 414 (2003) (citations

omitted). We have held that this language divests the sentencing

court of discretion to sentence under any sentencing scheme other

than that specified by the applicable statute. Id.; see also

State v. Rice, 66 Haw. 101, 657 P.2d 1026 (1993) (holding that,

where the prostitution statute provides for specific sentencing

“[n]otwithstanding any other law to the contrary,” the trial

court lacks the power to grant a deferred acceptance of guilty

plea in prostitution cases); State v. Dannenberg, 74 Haw. 75, 80,

837 P.2d 776, 778-79 (1992) (reaffirming Rice); cf. State v. Tom,

69 Haw. 602, 604, 752 P.2d 597, 598 (1988) (referencing Rice, and

holding that, where the driving under the influence statute

provides that the defendant “shall be sentenced” pursuant to that

statute, the trial court lacks the power to grant a deferred

acceptance of no contest plea in driving under the influence

cases).

 Moreover, HRS § 706-667 is contrary to HRS § 712-1240.8

because it allows for an indeterminate five-year term of

 -3-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

incarceration, rather than the ten-year term required under HRS

§ 712-1240.8.1 Thus, it is not possible to give effect to both

sentencing schemes for the same offense. See State v. Richie, 88

Hawai#i 19, 35, 960 P.2d 1227, 1243 (1998) (noting that two

statutes conflict where it is not possible to give effect to

both). Generally, “[w]here there is a plainly irreconcilable

conflict between a general and a specific statute concerning the

same subject matter, the specific will be favored.” State v.

Hussein, 122 Hawai#i 495, 524, 229 P.3d 313, 342 (2010).

However, in the instant case, HRS § 712-1240.8 itself dictates

that it shall govern “notwithstanding . . . any other law to the

contrary[.]”

 In sum, the plain language of HRS § 712-1240.8 is clear

and sweeping: it requires that a defendant convicted of the

offense of Methamphetamine Trafficking in the Second Degree be

sentenced to, inter alia, an indeterminate ten-year term of

incarceration, with the mandatory minimum term to be set within

specified ranges based on the defendant’s prior offenses for

 1
 The legislature was not required to expressly enumerate HRS § 706-
667 among the statutes excluded from consideration in relation to a sentence
for Methamphetamine Trafficking in the Second Degree, see majority opinion at
28, because HRS § 706-667 constitutes “any other law to the contrary,” see HRS
§ 712-1240.8 (emphasis added). Respectfully, by limiting HRS § 712-1240.8 to
only those statutes expressly enumerated, the majority renders the phrase “any
other law to the contrary” superfluous, contrary to a canon of statutory
construction to which we have consistently adhered. See State v. Keawe, 107
Hawai#i 1, 5, 108 P.3d 304, 308 (2005) (“It is a cardinal rule of statutory
construction that courts are bound, if rational and practicable, to give
effect to all parts of a statute, and no clause, sentence, or word shall be
construed as superfluous, void, or insignificant if a construction can be
legitimately found which will give force to and preserve all words of the
statute.” (citation, internal quotation marks, and ellipsis omitted)).

 -4-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

methamphetamine trafficking, if any. This sentence is to be

imposed regardless of alternative sentencing provisions set forth

in “any other law to the contrary[.]” Accordingly, sentencing

pursuant to HRS § 706-667 is unavailable.

 State v. Lau, 73 Haw. 259, 831 P.2d 523 (1992), is not

to the contrary. There, this court considered whether the

sentencing court erred in failing to state its reasons on the

record in choosing between a twenty-year sentence for a class A

felony and an eight-year sentence pursuant to the Young Adult

Defendants statute. Id. at 260-61, 831 P.2d at 523-34. Although

HRS § 706-659 provided for a twenty-year term for class A

felonies “notwithstanding any other law to the contrary,” this

court noted that the defendant was qualified to be sentenced

under the Young Adult Defendants statute due to his age. Id. at

260, 831 P.2d at 524. However, this court did not resolve

whether application of the Young Adult Defendants statute was

precluded by the phrase “notwithstanding any other law to the

contrary,” and that issue was not before the court. See State v.

Kikuta, 125 Hawai#i 78, 100 n.2, 253 P.3d 639, 661 n.2 (2011)

(noting that a case cannot implicitly stand for a proposition

that the court did not address). Respectfully, by reading Lau as

supporting Casugay-Badiang’s position, the majority abrogates

decades of this court’s precedent that has held to the contrary.

See, e.g., Dannenberg, 74 Haw. at 80, 837 P.2d at 778-79; Smith,

103 Hawai#i at 234, 81 P.3d at 414.

 -5-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

 Moreover, despite the plain language of the statute and

this court’s case law dispositively interpreting the phrase

“notwithstanding any other law to the contrary,” the majority

relies on legislative history to conclude that HRS § 706-667 is a

sentencing alternative to HRS § 712-1240.8. See majority opinion

at 28-30. Respectfully, however, the legislative history does

not reflect the legislature’s intent to allow sentencing pursuant

to HRS § 706-667 for the offense of Methamphetamine Trafficking

in the Second Degree.

 The offense of Unlawful Methamphetamine Trafficking,

which preceded the offenses of Methamphetamine Trafficking in the

First and Second Degrees, was enacted in 2004 to “address the

devastating effects of crystal methamphetamine (commonly known as

‘ice’) abuse in Hawaii.”2 HRS § 712-1240.6 cmt. (Supp. 2004);

2004 Haw. Sess. Laws Act 44, § 3 at 207-08. The purpose of the

original bill was to, inter alia, “impose large penalties for

methamphetamine trafficking[.]” H. Stand. Comm. Rep. No. 495-04,

in 2004 House Journal, at 1603. The House amended the original

bill to “[s]pecify that other statutes relating to sentencing do

not apply to the offense of methamphetamine trafficking[.]” Id.

at 1604 (emphasis added). The bill that ultimately was enacted

into law provided that “[a] defendant convicted of the offense of

unlawful methamphetamine trafficking shall be sentenced in

 2
 Previously, offenses relating to methamphetamine trafficking were
punishable pursuant to HRS §§ 712-1241 and 712-1242 (Supp. 2002), Promoting a
Dangerous Drug in the First or Second Degree.

 -6-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

accordance with this section, notwithstanding sections 706-

620(2), 706-659, 706-640, and 706-641.” 2004 Haw. Sess. Laws Act

44, § 3 at 207-08 (codified at HRS § 712-1240.6(4)).

 In 2005, the legislature convened a committee to

conduct a comprehensive review of the Hawai#i Penal Code and to

recommend amendments to the code. 2005 Haw. Sess. Laws Act 125,

§ 2 at 328-29. In its report to the 2006 legislature, the

committee noted that “ice” “is now the dominant issue in the

criminal justice system.” Hawai#i Judicial Council, Report of

the Committee to Conduct a Comprehensive Review of the Hawai#i

Penal Code, (Dec. 2005) (hereinafter “Report”) at 5. To address

this issue, the committee recommended repealing HRS § 712-1240.6,

and replacing it with new sections that separated methamphetamine

trafficking in the first and second degrees into separate

offenses. Id. at 10. The committee recommended replacing

definite minimum terms with minimum term ranges “to enhance the

court’s ability to tailor the minimum in accordance with the

aggravating and mitigating circumstances of any particular

trafficking case.” Id. at 56. However, “[t]he applicable

mandatory minimum range is to be determined exclusively by the

number of the defendant’s prior methamphetamine trafficking

convictions[.]”3 Id. at 11 (emphasis added).

 3
 This is contrary to the Young Adult Defendants statute, which
allows the court to impose a special indeterminate term of imprisonment, in
which the minimum length of imprisonment is set by the Hawaii Paroling
Authority in accordance only with HRS § 706-669. HRS § 706-667(3).

 -7-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

 The committee proposed legislation to effectuate these

recommendations. Id. at 52-54. The committee’s recommended

prohibition against sentencing under other laws was similar to

that contained in HRS § 712-1240.6, but the committee added the

phrase, “any other law to the contrary.” Compare HRS § 712-

1240.6(4) with Report at 53. The legislature subsequently

adopted the committee’s proposal nearly verbatim. Compare Report

at 53 with HRS § 712-1240.8(3).

 The history of the methamphetamine trafficking laws

from 2004 through 2006 indicates that the legislature intended to

impose specific sentencing provisions for the offense of

Methamphetamine Trafficking in the Second Degree, to the

exclusion of all contrary sentencing schemes, including HRS

§ 706-667. Specifically, the legislature made clear its intent

in 2004 that “other statutes relating to sentencing do not

apply[,]” H. Stand. Comm. Rep. No. 495-04, in 2004 House

Journal, at 1604, and added the “any other law to the contrary”

language in 2006,4 2006 Haw. Sess. Laws Act 230, § 4 at 999

 4
 Legislative action following this court’s decision in Dannenberg
indicates that the legislature is aware of the meaning of that phrase
“notwithstanding any other law to the contrary,” and is able to act
accordingly. In Dannenberg, this court concluded that the phrase
“[n]otwithstanding any other law to the contrary” removed the sentencing
court’s discretion to grant deferred acceptance of guilty pleas in
prostitution cases. 74 Haw. at 80, 837 P.2d at 778. However, the legislature
subsequently amended the prostitution statute to allow for deferred acceptance
of guilty or no contest pleas in these cases by removing the “notwithstanding
any other law to the contrary” language. 2003 Haw. Sess. Laws Act 130, § 1 at
183 (codified at HRS § 712-1200(4) (1993)); see also State v. Hamili, 87
Hawai#i 102, 106 n.5, 952 P.2d 390, 394 n.5 (1998). Had the legislature
intended to permit alternative sentencing schemes for the offense of
Methamphetamine Trafficking in the Second Degree, it presumably would not have
added this language to the statute in 2006. See State v. Reis, 115 Hawai#i

 -8-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

(codified at HRS § 712-1240.8(3)).

 It is true that the committee also recommended

amendments to HRS § 706-667 in 2006, Report at 27q-27r, and that

these amendments were adopted by the legislature, 2006 Haw. Sess.

Laws Act 230, § 25 at 1013 (codified at HRS § 706-667 (Supp.

2006)). However, these amendments do not indicate a broad

legislative intent to expand the reach of the Young Adult

Defendants statute to persons convicted under HRS § 712-1240.8.

Rather, the amendments were directed at resolving a particular

problem: under the former version of the statute, a defendant’s

eligibility for Young Adult Defendants sentencing turned on his

or her age at the time of sentencing, rather than at the time of

the offense, resulting in inequities based on delays in

scheduling trial or sentencing. Report at 27r; see also HRS

§ 706-667 (Supp. 1997). Respectfully, amending HRS § 706-667 to

base eligibility on age at the time of the offense does not

reflect a legislative intent to remove young adults from the

provisions of HRS § 712-1240.8.

 Finally, in this case, the sentencing court opined that

courts should have greater discretion in the sentencing process

than that afforded by HRS § 712-1240.8. “A sentencing judge

generally has broad discretion in imposing a sentence.” State v.

Pecpec, 127 Hawai#i 20, 32, 276 P.3d 589, 601 (2012). However,

79, 97, 165 P.3d 980, 998 (2007) (“[W]e must presume that the legislature
knows the law when enacting statutes[.]” (citation omitted)).

 -9-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

“[a] cardinal canon of statutory interpretation is that this

court cannot change the language of the statute, supply a want,

or enlarge upon it in order to make it suit a certain state of

facts. This is because we do not legislate or make laws.”

Smith, 103 Hawai#i at 233, 81 P.3d at 413 (citations, brackets,

and internal quotation marks omitted). Thus, it is not for this

court to afford the sentencing court discretion that the

legislature has so clearly curtailed.

 Accordingly, I respectfully dissent.

 /s/ Mark E. Recktenwald

 /s/ Paula A. Nakayama

 -10-