**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000841
15-MAY-2026
08:20 AM
Dkt. 59 SO

NO. CAAP-24-0000841

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KYLE J. LIVINGSTON, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PR171000006 (2PC980000181))

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Petitioner-Appellant Kyle J. **Livingston** appeals from the November 25, 2024 "Findings of Fact, Conclusions of Law and Order" (**Denial Order**), dismissing without a hearing his amended petition for post-conviction relief under Rule 40 of the Hawai'i Rules of Penal Procedure (**HRPP**), entered by the Circuit Court of the Second Circuit (**Rule 40 Court**).[1]  (Formatting altered.)

On appeal, Livingston contends the Rule 40 Court erred by dismissing his claims regarding (1) extended term sentencing,

---

[1]  The Honorable Kirstin M. Hamman entered the Denial Order.

(2) mandatory minimum or repeat offender sentencing, and
(3) consecutive term sentencing.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

Twenty-eight years ago, in November 1998, the circuit court (**Sentencing Court**) held a hearing on Respondent-Appellee the State of Hawaiʻi's motions for extended term sentencing, a mandatory minimum, and consecutive sentencing.[2]  At the start of the hearing, the State explained that it included as exhibits "originals of certified copies of the felony complaint filed on November 30, 1992 in case Number 970550, certified copy of registration, change of address, certified copy of his abstract judgment and certified copy of his guilty plea in the Superior Court" of California.

Livingston objected based on hearsay and identification and requested an evidentiary hearing.  An evidentiary hearing followed.

The State offered the testimony of Jess **Lopez**, Livingston's parole agent from the State of California Department of Corrections.  Livingston did not object to Lopez

_____

[2]  The Honorable Artemio C. Baxa presided over the Sentencing Court.

2

testifying or to any part of Lopez's testimony, and elected not to cross-examine Lopez.

The State also offered into evidence the records from Livingston's California case as Exhibits S-1, S-2, S-3, and S-4. Livingston objected for "lack of foundation" but made no specific objection as to a problem with foundation.

The Sentencing Court granted the State's motions and sentenced Livingston to a one-year term of imprisonment in Counts One, Two, and Three, and an extended term of imprisonment in Counts Five and Six, with all terms to run consecutively for a total of forty-three years.[3]  The Sentencing Court also ordered a mandatory minimum of three years and four months without the possibility of parole in Counts Five and Six.

Livingston appealed but did not challenge the admission of Exhibits S-1 through S-4 or Lopez's testimony.  The Hawaiʻi Supreme Court affirmed.  State v. Livingston, 92 Hawaiʻi 634, 994 P.2d 566, No. 22220, 1999 WL 1314872 (Haw. Dec. 8, 1999) (SDO).

In 2005, Livingston filed his first Rule 40 petition, which was denied.  Livingston did not appeal.

---

[3]  Livingston was convicted by jury of two counts of Assault in the Third Degree in violation of Hawaiʻi Revised Statutes (**HRS**) § 707-712(1)(a) (1993) (Counts One and Three), one count of Unlawful Imprisonment in the Second Degree in violation of HRS § 707-722(1) (1993) (Count Two), and two counts of Sexual Assault in the Second Degree in violation of HRS § 707-731(1)(a) (Supp. 1997) (Counts Five and Six).

In 2017, Livingston filed a second Rule 40 petition, which was denied. Livingston appealed. This court partially vacated the dismissal of Livingston's Rule 40 petition without a hearing and remanded the case to allow Livingston to assert before the Rule 40 Court illegal sentencing arguments that he raised for the first time on appeal. Livingston v. State (Livingston II), 152 Hawaiʻi 163, 523 P.3d 1077, No. CAAP-18-0000566, 2023 WL 1097727 (App. Jan. 30, 2023) (mem. op.).

On remand, Livingston (represented by counsel) filed his Amended HRPP Rule 40 Petition.

First, Livingston challenged the imposition of an extended term of imprisonment on evidentiary grounds. Livingston further argued that Apprendi v. New Jersey, 530 U.S. 466, 476 (2000), should be applied retroactively, and even if Apprendi was not applied retroactively, Livingston argued the imposition of an extended term without express findings that the necessity of the extended term was proven beyond a reasonable doubt violated then-controlling law under State v. Huelsman, 60 Haw. 71, 588 P.2d 394 (1978) and State v. Okumura, 78 Hawaiʻi 383, 894 P.2d 80 (1995).

Second, Livingston challenged the imposition of mandatory minimum sentencing as a repeat offender, arguing his sentence violated the requirement in State v. Caldeira, 61 Haw. 285, 290, 602 P.2d 930, 933 (1979), that "unless conceded by the

defendant, the government is required to show, in [repeat offender] proceedings [under Hawaiʻi Revised Statutes (**HRS**) § 706-606.5 (1976)], that he was represented by counsel, or had waived such representation, at the time of his prior conviction."  Livingston asserted that there was insufficient evidence in the record on appeal that he was in fact represented due to the unavailability of the original certified copy of the plea, Exhibit S-4.

Third, Livingston challenged the imposition of consecutive terms, arguing the Sentencing Court's sentencing decisions were based on "unsubstantiated claims" by the State and Lopez and, thus, the Sentencing Court "plainly erred."

The Rule 40 Court dismissed Livingston's Amended HRPP Rule 40 Petition without a hearing, concluding the claims were patently frivolous and without a trace of support in the record and the allegations otherwise did not present a colorable claim. Livingston timely appealed.

The denial of an HRPP Rule 40 petition is reviewed de novo.  E.g., Rapozo v. State, 150 Hawaiʻi 66, 77, 497 P.3d 81, 92 (2021).

> If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer.  However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner.

HRPP Rule 40(f). "The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court." Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994) (emphasis omitted) (quoting State v. Allen, 7 Haw. App. 89, 92-93, 744 P.2d 789, 793 (App. 1987)).

**(1) Extended Term Sentence.** On appeal, Livingston first contends the Rule 40 Court "erred in dismissing [his] claims regarding extended terms sentencing." (Formatting altered.) To support this contention, Livingston challenges the admission of evidence, notably the State's Exhibit S-3 and the testimony of the State's witness, Lopez, for lack of foundation.[4]

Under the multiple offender subsection of HRS § 706-662 (Supp. 1996) for extended terms of imprisonment,[5] the Sentencing Court was required to make a finding that an extended

---

[4] We note that Livingston also asserts Apprendi should be retroactively applied to his case. Apprendi requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. This court in Livingston II determined that the Apprendi issue was previously raised and rejected. Livingston II, 2023 WL 1097727, at *7 n.15. Thus, we do not address this issue. See HRPP Rule 40(a)(3) ("Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived.").

[5] Livingston also challenges the Sentencing Court's determination that he was a persistent offender under HRS § 706-662(1). Based on our decision below, and because the multiple offender and persistent offender subsections are alternate means of imposing an extended term of imprisonment, we need not address Livingston's arguments regarding the Sentencing Court's persistent offender determination.

sentence was "necessary for protection of the public" where the defendant was "being sentenced for two or more felonies":

> A convicted defendant may be subject to an extended term of imprisonment under section 706-661, if the convicted defendant satisfies one or more of the following criteria:
>
> . . . .
>
> (4)   The defendant is a multiple offender whose <u>criminal actions were so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public</u>.  The court shall not make this finding unless:
>
>> (a)   The defendant <u>is being sentenced for two or more felonies</u> or is already under sentence of imprisonment for felony[.]

Here, the record is uncontroverted that Livingston was convicted of, and sentenced for, two counts of Sexual Assault in the Second Degree, a class B felony.  HRS § 707-731(2) (Supp. 1997).  In addition, referring to the California case, the Sentencing Court found there was a need to protect the public.

To the extent Livingston challenges the admission of the State's Exhibit S-3, it is well-settled law that "a 'lack of foundation' objection generally is insufficient to preserve foundational issues for appeal because such an objection does not advise the trial court of the problems with the foundation" and that "a specific objection is required to inform the court of the error unless, 'based on the context, it is evident what the general objection was meant to convey.'"  <u>State v. Spies</u>,

157 Hawaiʻi 75, 91, 575 P.3d 708, 724 (2025) (quoting State v. Long, 98 Hawaiʻi 348, 353, 48 P.3d 595, 600 (2002)).

The State offered into evidence the records from Livingston's California case, Exhibits S-1, S-2, S-3, and S-4. Livingston objected for "lack of foundation" but made no specific objection as to a problem with foundation. And Livingston did not object to Lopez testifying, or to any part of Lopez's testimony, and elected not to cross-examine Lopez. On direct appeal, Livingston did not challenge the admission of Exhibits S-1 through S-4 or Lopez's testimony. Thus, any challenge to the admission of Exhibits S-1 through S-4 and Lopez's testimony is waived. See HRPP Rule 40(a)(3) ("Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived.").

Livingston also argues that the Sentencing Court failed to state that the "motions were proven to the court 'beyond a reasonable doubt.'" Prior to the evidentiary hearing, Livingston argued that the State bore the burden to prove prior convictions beyond a reasonable doubt. Following the evidentiary hearing, the Sentencing Court stated there was "no question" as to Livingston's two felonies. The Sentencing Court also explained its reasons for determining that extended term sentencing was "necessary for protection of the public."

Although it is true the Sentencing Court did not use the words "beyond a reasonable doubt," when considering the Sentencing Court's other statements, Livingston's petition does not show this fact "would change" his extended term sentencing. See Dan, 76 Hawaiʻi at 427, 879 P.2d at 532 (quoting Allen, 7 Haw. App. at 92, 744 P.2d at 792) ("To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true.").

Because the record shows Livingston was convicted of two felonies, the Sentencing Court found an extended term necessary for the protection of the public, and Livingston waived any objection to the admission of evidence, the Rule 40 Court did not err in dismissing Livingston's extended sentencing claim without a hearing.

**(2) Mandatory Minimum Sentence.** Livingston next argues that the Rule 40 Court "erred in dismissing [his] claims regarding mandatory minimum or repeat offender sentencing." (Formatting altered.) Livingston explains that the Sentencing Court referred to the State's Exhibit S-4 in determining that he was represented by counsel, Eric St. John, when entering pleas for his California convictions. Livingston then argues that Exhibit S-4 "is no longer available to examine and to assess what the trial court based its impression upon."

9

HRS § 706-606.5 (1993 & Supp. 1997) provides for "a mandatory minimum period of imprisonment without possibility of parole" under certain circumstances.  However, "unless conceded by [defendants], the government is required to show, in [mandatory minimum] proceedings, that [the defendants were] represented by counsel, or had waived such representation, at the time of [their] prior conviction."  Caldeira, 61 Haw. at 290, 602 P.2d at 933.

During the evidentiary hearing, the Sentencing Court referred to Exhibit S-4 and noted, "Under this no contest plea it appears that [Livingston] entered pleas for the offenses indicated therein on November 30, 1992, and that he was represented by counsel.  The counsel's name is Eric St. John." The Sentencing Court also referred to Exhibit S-3 and stated, "The Court would like to put on the record that in here it is stated, also, that on the date of November 30, 1992 when [Livingston] was sentenced, he was represented by counsel, Eric St. John."  Livingston did not object to these statements.

In any event, the record on appeal contains a copy of the California plea.  Examination of the California plea shows that, at the time of his prior conviction, Livingston was represented by counsel and Livingston points to nothing to controvert this fact.

10

Thus, the Rule 40 Court did not err in dismissing Livingston's mandatory minimum sentencing claim without a hearing.

**(3) Consecutive Sentence.** Finally, Livingston contends the Rule 40 Court "erred in dismissing [his] claims regarding consecutive terms sentencing." (Formatting altered.) Livingston asserts "[t]he State got from the trial court what it could not get from the jury, i.e., sentencing consistent with A felonies." Livingston argues that the Sentencing Court "based its sentencing decisions on unsubstantiated claims made by the [deputy prosecuting attorney] and, also, the parole agent witness (Mr. Jess Lopez)."

As discussed above, Livingston did not object to any portion of Lopez's testimony and, thus, any challenge to the admission of Lopez's testimony is waived.

We note, in State v. Hussein, 122 Hawaiʻi 495, 510, 229 P.3d 313, 328 (2010), the Hawaiʻi Supreme Court adopted the rule that, "after the filing date of the judgment herein, circuit courts must state on the record at the time of sentencing the reasons for imposing a consecutive sentence." (Emphasis added.) There, the court expressly rejected retroactive application of its newly adopted rule. See id. at 518 n.31, 229 P.3d at 336 n.31. Because Livingston was sentenced prior to the decision

11

handed down in Hussein, its rule has no application here.  See id.

Instead, prior to Hussein, controlling caselaw did not require specific findings to support the imposition of consecutive sentencing.  State v. Lau, 73 Haw. 259, 263, 831 P.2d 523, 525 (1992) ("Although there is no requirement for the sentencing court to state its reasons for imposing sentence, we have urged and strongly recommended that the sentencing court do so and to also state that sentencing alternatives were considered, especially when a young adult defendant is sentenced."); State v. Sinagoga, 81 Hawaiʻi 421, 428-29, 918 P.2d 228, 235-36 (App. 1996).

Courts previously held that "[d]iscretionary use of consecutive sentences [was] properly imposed in order to deter future criminal behavior of the defendant, to insure public safety, and to assure just punishment for the crimes committed." State v. Tauiliili, 96 Hawaiʻi 195, 199, 29 P.3d 914, 918 (2001) (citing State v. Gaylord, 78 Hawaiʻi 127, 146-47, 890 P.2d 1167, 1186-87 (1995)).  "Absent clear evidence to the contrary, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606 (1993)." Id. (citing Sinagoga, 81 Hawaiʻi at 428, 918 P.2d at 236).

The Sentencing Court stated it "considered all the reasons of 706-606" as well as "considered and given credence to" Exhibits S-1 through S-4, including the plea and abstract of judgment, which the trial court admitted into evidence. The Sentencing Court then explained its reasons for imposing its sentence, including the consecutive sentence:

> The Court in imposing the sentence feels that it is necessary to achieve penal and justice in this case, the penal objectives of retribution and deterrence for the protection of the public, that the Court in this case imposes or grants the request of the prosecutor for imposition of mandatory minimum term of imprisonment and grants the motion for extended term, as well as consecutive sentencing.
>
> With the previous record that has been presented to the Court within the -- committed in California, convicted and sentenced on November 30, 1992, wherein of assault with intent to rape, assault with deadly weapon, burglary in the first degree, forcible rape and forcible rape, when taken into account with the nature of the offense that was committed in this case which conviction of [sexual] assault in the second degree, two counts within a period of less than ten years, there is an indication there is a need that the public be protected. There's a need for punishment, retribution and deterrence.
>
> It is clear that the Defendant needs to be incarcerated for sometime. To really think that doing the things for which he has been convicted has endangered the community and, perhaps, for his future general well-being as well, he's got to be able to sit down and realize what he had committed is a serious offense against the public.
>
> One of the factors that I have considered is he is still young. If he is allowed within a short time to be roaming around, there is no question that what had happened with other women would be endangered. It is needed that he be incarcerated for sometime.

The reasons given by the Sentencing Court in imposing its sentence, including consecutive sentences, were supported by Exhibits S-1 through S-4 and Lopez's testimony. Nothing in the record suggests that the imposition of consecutive sentences was

13

based on consideration of "unsubstantiated claims," and Livingston points to nothing to controvert this undisputed record. Thus, the Rule 40 Court did not err in dismissing Livingston's consecutive sentence claim without a hearing.

Based on the foregoing, we affirm the November 25, 2024 Denial Order.

DATED:  Honolulu, Hawaiʻi, May 15, 2026.

On the briefs:                          /s/ Clyde J. Wadsworth
                                        Presiding Judge
Te-Hina Ickes,
for Petitioner-Appellant.               /s/ Sonja M.P. McCullen
                                        Associate Judge
Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,            /s/ Kimberly T. Guidry
County of Maui,                         Associate Judge
for Respondent-Appellee.