**STATE OF HAWAII**, Plaintiff–Appellee, v. **CHRISTOPHER L. NUNES**, Defendant–Appellant

NO. 15089

(FC–CR. NO. 90–3362)

JANUARY 16, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY LUM, C.J.

Appellant Christopher L. Nunes (Nunes) appeals his conviction for the offense of Abuse of Family and Household Members in violation of Hawaii Revised Statutes (HRS) § 709–906. Nunes was sentenced to imprisonment for 30 days. Nunes maintains that the court abused its sentencing discretion by following guidelines promulgated by the Family Court. He further complains that he was unconstitutionally punished for an act for which he was not responsible.

For reasons set forth below, we vacate the sentence imposed and remand this case for resentencing.

I.

Nunes was charged as a result of incidents occurring on October 28, 1990. On that day, the complaining witness, Tamara Disnard (Disnard), provided police with a statement alleging that Nunes committed physical violence against her. However, by the time of trial on December 12, 1990, Disnard was reluctant to see the case prosecuted and recanted her statement. Disnard claimed the statement of October 28 was influenced by alcohol and anger over the events of that day. Her testimony at the trial supported Nunes' version of the events of October 28.

The presiding trial judge imposed a sentence of 30 days. At the sentencing hearing, the judge stated:

> The Court will order that the Defendant shall be in prison and committed to the custody of the Director of the Department of Public Health to serve[,] *in accordance with the guidelines as set up by Family Court in household abuse cases where the victim has lied for the Defendant[,] [a] period of thirty days.*

Transcript of proceedings at 45–46, December 12, 1990 (emphasis added). The guidelines to which the court referred were issued to all judges in the Special Division of Family Court by another judge in the Special Division. Beyond the mandatory 2 day minimum jail sentence provided in HRS § 709–906, the guidelines added various additional days depending on the circumstances of the crime. For example, the guidelines imposed an additional 8 days "where minor children witnessed the abuse" and 10 days "where the victim needed medical treatment." The factor objected to in the instant case adds 30–180 days "where the victim lied for the defendant in Court."

At the time of sentencing, there were actually three separate guideline memoranda in circulation among Family Court judges, only one of which called for a 30–180 day sentence when the victim lied. From the face of these guidelines, it is unclear if they are merely suggestions from more senior Family Court judges or actual orders from the Family Court. For example, guidelines issued on March 16, 1990 state, "[t]hese guidelines *should* be employed in light of HRS § 760–606 [sic] . . . ." (Emphasis added). In addition, the guidelines were directed to all judges in the Special Division, and it is unclear if the guidelines were published by Family Court and were available to parties to these criminal proceedings.

## II.

HRS § 709–906 provides that

(5) Abuse of a family or household member, and refusal to comply with the lawful order of a police officer under subsection (4) are misdemeanors; provided that a person convicted under this section shall serve a minimum jail sentence of forty–eight hours and be required to undergo any available domestic violence treatment and counseling program as ordered by the court.

HRS § 706–606 describes the factors to be considered by the court in imposing a particular sentence.[1] "The legislature prescribes penalties for criminal offenses and its inclination has been to vest in the courts 'wide latitude in the selection of penalties from those prescribed and in the determination of their severity.' " *State v. Kumukau*, 71 Haw. 218, 224, 787 P.2d 682, 686 (1990) (quoting *State v. Johnson*, 68 Haw. 292, 296, 711 P.2d 1295, 1298 (1985)). When the trial court has been vested with "wide latitude" to impose a sentence, we hold that it is an abuse of discretion to rigidly apply sentencing guidelines promulgated without legislative authority.

"In determining the particular sentence to be imposed, the court must consider a variety of factors [citing HRS § 706–606] in

---

[1] § 706–606 **Factors to be considered in imposing a sentence.** The court, in determining the particular sentence to be imposed, shall consider:

    (1)   The nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)   The need for the sentence imposed:

        (a)   To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;

        (b)   To afford adequate deterrence to criminal conduct;

        (c)   To protect the public from further crimes of the defendant; and

        (d)   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)   The kinds of sentences available; and

    (4)   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

HRS § 706–606 (Supp. 1990).

exercising its discretion in fitting the punishment to the crime 'as well as the needs of the individual defendant and the community.' " *State v. Kumukau*, 71 Haw. at 225, 787 P.2d at 687 (footnote omitted). "Thus, every sentence must now be tailored to at least 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.' " *State v. Eline*, 70 Haw. 597, 602, 778 P.2d 716, 719 (1989) (quoting Hse. Conf. Comm. Rep. No. 51–86, in 1986 House Journal, at 938). We believe that when the legislature vested the trial court with discretion, it did not authorize blind adherence to guidelines developed by others who have no authority to promulgate such guidelines. In utilizing such guidelines, the trial judge substituted the guidelines for the discretion vested in him by the legislature and in so doing abused his discretion.

### III.

We realize that the legislature also urged, in HRS § 706–606, that the courts "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" and that this goal requires consistency among judges. If further guidelines are required to achieve this legislative goal, we urge the Family Court to propose such additional sentencing guidelines to the legislature for enactment, to insure at the least, that such guidelines receive the scrutiny of the bar and the public.

### IV.

We voice another concern with the sentence imposed by the trial judge in the case at bar. The sentencing judge stated that he based his sentence on a belief that the victim "lied for the defendant" and in accordance with the sentencing guidelines increased the mandatory 2 day minimum jail sentence to 30 days. We see nothing in the record to support the judge's conclusion that the victim actually lied for the defendant except that Disnard's testimony conflicted with the statement she made to police on the evening of

the event. However, there is no evidence that Nunes asked Disnard to lie in court or that he intimidated or threatened her. In essence, the judge imposed a sentence for uncharged crimes—either intimidating a witness or tampering with a witness. In our minds this raises serious constitutional questions.

While a court has broad discretion in imposing a sentence, and can consider the candor, conduct, remorse and background of the defendant as well as the circumstances of the crime and many other factors, a judge cannot punish a defendant for an uncharged crime in the belief that it too deserves punishment. Because the sentencing guideline fixed a sentence based on a finding that the "victim lied for the defendant" and the court based its sentencing on that factor alone, we hold that it unconstitutionally punished the defendant for an uncharged crime.

Without reaching the question of when it is permissible for a trial judge in sentencing to consider a defendant's conduct at trial which may amount to criminal conduct, we note merely that there is nothing in the record before us that would support a conclusion that defendant's conduct toward other witnesses supports increasing his sentence. *See*, *e.g.*, *United States v. Grayson*, 438 U.S. 41 (1978); *Strachan v. State*, 615 P.2d 611 (Alaska 1980); *People v. Allen*, 60 Ill. App. 3d 445, 376 N.E.2d 1042 (1978).

## V.

For the foregoing reasons, we vacate defendant's sentence and remand for resentencing.

*Theodore Y.H. Chinn*, Deputy Public Defender, for defendant–appellant.

*Glenn T. Taniguchi*, Deputy Prosecuting Attorney, for plaintiff–appellee.