STATE OF HAWAI`I, Plaintiff-Appellee,
v.
MICHAEL CARRIAGA PASCUAL, Defendant-Appellant
No. 28384
Intermediate Court of Appeals of Hawaii
April 3, 2009.
On the briefs:
Jon N. Ikenaga Deputy Public Defender, State of Hawai`i, for Defendant-Appellant.
Linda L. Walton Deputy Prosecuting Attorney, County of Hawai`i, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, and FOLEY, JJ.
Defendant-Appellant Michael Carriaga Pascual (Pascual) appeals from the judgment entered by the Family Court of the Third Circuit[1] (family court) on January 18, 2007, nunc pro tunc to December 15, 2006, which convicted and sentenced him for violating a temporary restraining order (TRO) in violation of Hawaii Revised Statutes § 586-4 (2006). The judgment sentenced Pascual to serve a period of thirty days in prison and a period of two years on probation, subject to various terms and conditions.
On appeal, Pascual contends that the family court erred in basing his sentence "on the unproven, uncharged crimes alleged by the complainant" and the fact that Pascual "filed a TRO against the complainant at the behest of his probation officer" to protect himself from the complainant's harassment.
Upon a careful review of the record and the briefs submitted by the parties, and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised, we agree with Pascual that the family court incorrectly relied on uncharged criminal conduct in sentencing him.
In this case, Pascual's indictment and conviction solely involved a TRO violation that occurred on August 23, 2006. In exchange for Pascual's no-contest plea, Plaintiff-Appellee State of Hawai`i agreed to forego criminal charges arising from Pascual's alleged attempts to also contact the complainant in November 2006. Although this case does not appear to be Pascual's first TRO violation involving the same complainant, the family court's remarks at sentencing "clearly indicate" that the family court erroneously cited the uncharged November 2006 incidents in sentencing Pascual. See State v. Nunes, 72 Haw. 521, 526, 824 P.2d 837, 840 (1992) ("While a court has broad discretion in imposing a sentence, ... a judge cannot punish a defendant for an uncharged crime in the belief that it too deserves punishment."); and State v. Mikasa, 111 Hawai`i 1, 8-9, 135 P.3d 1044, 1051-52 (2006) (stating that "a palpable claim of error arises when a sentencing court cites an uncharged crime as factor in its sentencing decision" unless "the remarks of the court d[o] not `clearly indicate' that an `aggravating factor' in the court's sentence rested on the uncharged crime").
Therefore, we vacate the January 18, 2007 judgment, nunc pro tunc to December 15, 2006, and remand this case for resentencing before a different judge.
NOTES
[1] The Honorable Joseph P. Florendo, Jr. presided.