**Electronically Filed
Supreme Court
SCWC-15-0000909
06-JUN-2019
08:02 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---oOo---

_____

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

RONALD MELVIN BARNES, Petitioner/Defendant-Appellant.

_____

SCWC-15-0000909

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-15-0000909; FC-CR. NO. 12-1-0057)

JUNE 6, 2019

McKENNA, POLLACK, AND WILSON, JJ., WITH
RECKTENWALD, C.J., DISSENTING, WITH WHOM NAKAYAMA, J., JOINS

OPINION OF THE COURT BY McKENNA, J.

## I. Introduction

On March 31, 2015, Petitioner/Defendant-Appellant, Ronald

Melvin Barnes ("Barnes"), was convicted by a jury in the Circuit

Court of the First Circuit ("circuit court")[1] of four counts of sexual assault in the first degree as to a minor and one count of sexual assault in the first degree as to another minor. After a hearing, the circuit court granted the State's motion and sentenced Barnes to a term of twenty years for each count, with terms for four of the counts as to one minor to be served concurrently, and the term for the remaining count as to the other minor to be served consecutively to the foregoing terms.

Barnes asserts on certiorari that the circuit court abused its discretion in sentencing him to consecutive terms of imprisonment and that the ICA gravely erred in affirming the circuit court's judgment.

Although the points raised by Barnes on appeal as bases for challenging the consecutive terms lack merit, based on State v. Barrios, 139 Hawai'i 321, 389 P.3d 916 (2016), and State v. Kamana'o, 103 Hawai'i 315, 82 P.3d 401 (2003), we hold the circuit court plainly erred by considering Barnes's refusal to admit guilt in imposing his sentence. Accordingly, we vacate the ICA's October 2, 2017 Judgment on Appeal and the portion of the circuit court's October 26, 2015 Judgment of Conviction and Sentence ("judgment") sentencing Barnes, and remand to the circuit court for resentencing.

---

[1] The Honorable Karen S. S. Ahn presided.

## II. Background

### A. Circuit Court Hearing on the State's Motion for Consecutive Sentencing

Following Barnes's trial, on May 28, 2015, the State moved for consecutive term sentencing. A presentence investigation and report (commonly referred to as a "PSI")[2] was filed on June 22, 2015, in which the probation officer stated:

> On June 3, 2015, an attempt was made to complete the presentence investigation (PSI) when this probation officer (PO) met the defendant at Oahu Community Correctional Center (OCCC) where the defendant was detained. The defendant reported that he received the PSI questionnaire that was sent to him but related that he would not be participating in the PSI. He further stated that, if this PO wanted information on him, PO should contact the state of Washington as he said he would not be signing any documents.

---

[2] HRS § 706-601 (2014) required that a pre-sentence diagnosis and report be prepared regarding Barnes. HRS § 706-602 (2014) then provides in relevant part as follows:

> **Pre-sentence diagnosis, notice to victims, and report.**
> (1) The pre-sentence diagnosis and report shall be made by personnel assigned to the court or other agency designated by the court and shall include:
>
> (a) An analysis of the circumstances attending the commission of the crime;
> (b) The defendant's history of delinquency or criminality, physical and mental condition, family situation and background, economic status and capacity to make restitution or to make reparation to the victim or victims of the defendant's crimes for loss or damage caused thereby, education, occupation, and personal habits;
> (c) Information made available by the victim or other source concerning the effect that the crime committed by the defendant has had upon said victim, including but not limited to, any physical or psychological harm or financial loss suffered;
> (d) Information concerning defendant's compliance or non-compliance with any order issued under section 806-11 [regarding disposal of firearms]; and
> (e) Any other matters that the reporting person or agency deems relevant or the court directs to be included.
> . . . .

> **The defendant was given the opportunity to make a verbal statement/comment about the present matters, in which he replied that he is planning to file an appeal in the instant matters,** as well as an appeal in Washington for his case there. According to the defendant, he was convicted of sexual assault in Washington and started serving his term of incarceration there from July 18, 2008 to October 10, 2013. He reported that he was brought to Hawaii/OCCC on January 30, 2013, and was allowed to serve the remainder of his jail sentence in Hawaii. He said that he is now on probation status on his Washington case, which he believes expires in 2016 or 2017.
>
> **Furthermore, the defendant reported that he is "innocent" of all the sexual assault charges against him.** He said that one of the victims had a sexually transmitted disease that the defendant never had, so he explained that it meant that she got the disease from someone else. He also indicated that the victim(s) may have been sexually assaulted, but that he was not the perpetrator, and said that it was someone else that was either dating the victim's mother or living with them at that time. Due to the defendant's unwillingness to participate in the presentence investigation interview, only the following information is being provided to the court . . . .

(Emphases added).

The sentencing hearing was held on October 26, 2015. At the hearing, the State explained that four of the five counts of sexual assault in the first degree related to one child complainant, and the remaining count of sexual assault in the first degree related to a second child complainant. According to the State, consecutive term sentencing was appropriate and reasonable, and reflected the seriousness of the crimes committed against the two minors. The State emphasized that Barnes had victimized two different children, and therefore should not be sentenced in the same manner as if he had only victimized one.

4

In response, Barnes's counsel asserted that there was no justification for a consecutive sentence under State v. Hussein, 122 Hawai'i 495, 229 P.3d 313 (2010), as nothing in Barnes's personal history suggested that he was a sexual predator. Defense counsel also noted that based on his advice, Barnes would not be making a statement as he intended to appeal the case. The circuit court then conducted a colloquy with Barnes before granting the State's motion:

> [DEFENSE COUNSEL]:  . . .  So based upon those factors, judge, we're asking that -- we're submitting that there is no justification for consecutive over concurrent sentencing in this particular case.
> And my client will not be making a statement on the advice of counsel.  He intends to appeal the case.
> . . . .
>
> THE COURT:  Okay, Mr. Barnes, I just need it from your mouth.  You have every right to say what you wish before sentencing.  Do you wish to say anything?
>
> THE DEFENDANT:  Not in this court, Your Honor.
>
> THE COURT:  All right.  Okay, the court takes judicial notice of the files and records in this case and of trial, and I considered the factors under HRS Section 706-606,[3]

---

[3]     **Factors to be considered in imposing a sentence.**  The court, in determining the particular sentence to be imposed, shall consider:
        (1)   The nature and circumstances of the offense and the history and characteristics of the defendant;
        (2)   The need for the sentence imposed:
              (a)   To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
              (b)   To afford adequate deterrence to criminal conduct;
              (c)   To protect the public from further crimes of the defendant; and
              (d)   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
        (3)   The kinds of sentences available; and

(. . . continued)

5

all of which a sentencing court must consider with respect to the motion for consecutive sentencing. These factors include the nature and circumstances of the offense, which are most serious as they involved the sexual molestation of two young children as to whom defendant was in a position of trust as the husband of the children's natural mother. The conduct involved a variety of acts to the two children, both of whom were under the age of 14 years. The victim impact statements and some of what the court observed during trial showed that these two children apparently suffered harm from the sexual assaults, and that harm apparently remains with the children notwithstanding counseling.

In addition, characteristics of the defendant are another factor that the court must consider. The defendant's conduct with regard to these sexual acts spanned a substantial period of time and involved acts of deception both as to the children and to adults. **In addition, while the defendant certainly has a right to appeal all matters that are appealable, he has been uncooperative in the preparation of any aspect of the presentence report and does not appear to have expressed any sadness that the two children suffered harm of any kind.**

In addition, the sentence is required to reflect the seriousness of these offenses to not one but two small children and to promote respect for the laws of our state and to provide just punishment under the totality of the relevant circumstances.

Based upon the factors which the court has just discussed under 706-606, the sentence is necessary to provide adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant, especially against children. The motion for consecutive sentencing is granted to the extent that defendant is sentenced to 20 years of imprisonment in Counts 1, 3, 5, 6, and [13], and he will serve Count [13] consecutively to the other four counts. The first four, 1, 3, 5, and 6, shall be served concurrently with one another, and Count [13] will be served consecutively to Counts 1, 3, 5, and 6.

(Emphasis added).

---

(. . . continued)

(4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

HRS § 706-606 (2014).

Judgment was entered on October 26, 2015 reflecting the consecutive terms of imprisonment.

## B.    Appeal to the ICA

Barnes timely appealed his convictions to the ICA on a single point of error: "[w]hether the trial court abused its discretion in sentencing [Barnes] to terms of imprisonment in Counts 1, 3, 5 and 6 for the offense of SEXUAL ASSAULT IN THE FIRST DEGREE to run consecutively to the term of imprisonment in Count 13 for the offense of SEXUAL ASSAULT IN THE FIRST DEGREE, twenty years as to each count."

The ICA rejected Barnes's challenge and affirmed the circuit court's October 26, 2015 Judgment. See State v. Barnes, No. CAAP-15-0000909, at 5 (App. Apr. 13, 2017) (SDO). The ICA noted that a sentencing judge has broad discretion to order multiple terms of imprisonment to run concurrently or consecutively, and that although a sentencing judge must consider the factors set forth in HRS § 706-606 and state on the record at the time of sentencing its reasons for imposing a consecutive sentence, "[a]bsent clear evidence to the contrary, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606." Barnes, SDO at 3 (quoting State v. Kong, 131 Hawaiʻi 94, 102, 315 P.3d 720, 728 (2013)).

7

The ICA concluded the circuit court had appropriately considered the HRS § 706-606 factors, including the nature and circumstances of the offenses, the need to provide just punishment for the crimes committed, the need for the sentence to promote respect for the law, and to afford deterrence to criminal conduct and to protect the public from further crimes. Barnes, SDO at 4-5. The ICA also noted the circuit court's statement that Barnes "'d[id] not appear to have expressed any sadness that the two children suffered harm of any kind[,]'" and that Barnes had been uncooperative in the preparation of the PSI. Barnes, SDO at 4.

The ICA concluded that although Barnes raised the existence of some mitigating factors, such as cooperation with the police and lack of a prior criminal history, "the presence of some mitigating factors does not compel this court to conclude that the Circuit Court abused its discretion, especially in light of the Circuit Court's clear rationale for imposing a consecutive sentence." Barnes, SDO at 5. The ICA added that it rejected any other "factors" raised by Barnes as they "in essence, suggest that he did not sexually assault the minor victims," which is inconsistent with the jury's verdict and did not bear on the exercise of the circuit court's discretion in sentencing. Id.

8

## C. Certiorari Proceedings

On certiorari, Barnes "seeks a remand for resentencing" on the grounds that the circuit court abused its discretion when it imposed a consecutive term of imprisonment:

> **QUESTION[] PRESENTED**
>
> Whether this Honorable Court, in the exercise of its certiorari jurisdiction, ought to vacate the Summary Disposition Order (SDO) . . . of the [ICA], which upheld: the October 26, 2015 Judgment of Conviction and Sentence (Judgment) filed in the Family Court of the First Circuit Court.
>
> Barnes seeks a remand for resentencing. Petitioner maintained on appeal in the ICA that the Family Court of the First Circuit erred by sentencing Petitioner to terms of imprisonment in Counts 1, 3, 5 and 6 for the offense of SEXUAL ASSAULT IN THE FIRST DEGREE to run consecutively to the term of imprisonment in Count 13 for the offense of SEXUAL ASSAULT IN THE FIRST DEGREE, twenty years as to each count.

Barnes argues the circuit court abused its discretion because Barnes had "no unrelated prior criminal cases and no prior opportunities for rehabilitation," which contrasts with the defendants in various other cases who were sentenced to consecutive sentences. Further, Barnes argues the record shows: (1) there was "no reporting by the complaining witnesses until years later"; (2) there was evidence at trial that "the police detectives coached the complaining witnesses during interviews"; and (3) interrogations of Barnes by police detectives went unrecorded. The State did not file a response to Barnes's application for certiorari.

9

### III. Standards of Review

**A. Consecutive Sentencing**

In general, the applicable standard of review in sentencing matters is whether the court committed a plain and manifest abuse of discretion in its decision." Kamana'o, 118 Hawai'i at 221, 188 P.3d at 735 (citations omitted).

A court must, however, state its reasons as to why a consecutive sentence rather than a concurrent sentence was required. See Hussein, 122 Hawai'i at 509, 229 P.3d at 327.

**B. Plain Error**

When necessary to serve the ends of justice, this court will consider issues that have not been preserved below or raised on appeal. See Hawai'i Rules of Penal Procedure ("HRPP") Rule 52(b) (2016) (allowing plain error to be noticed although not brought to attention of trial court); Hawai'i Rules of Appellate Procedure ("HRAP") Rule 28(b)(4) (2010) (permitting point of error not presented on appeal to be noticed as plain error); HRAP Rule 40.1(d)(1) (2015) (allowing question not raised to be noticed as plain error). It is "firmly established" that the relevant inquiry when evaluating whether a trial court's plain error may be noticed is whether the error affected substantial rights. See HRPP Rule 52(b) ("**Plain error.** Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the

court."). Thus, a reviewing court has discretion to correct plain error when the error is "not harmless beyond a reasonable doubt." HRPP Rule 52(a) (2016) ("**Harmless error.** Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."); see also State v. U'i, 142 Hawai'i 287, 297, 418 P.3d 628, 638 (2018) (citations and footnotes omitted).

**IV. Discussion**

**A. The Circuit Court Did Not Commit a Clear and Manifest Abuse of Discretion by Imposing a Consecutive Sentence**

On certiorari, Barnes essentially raises the same arguments as he did before the ICA, arguing that the circuit court abused its discretion by imposing a consecutive sentence. A trial court's sentence is reviewed for a plain and manifest abuse of discretion, but when imposing a consecutive sentence, a court must state its reasons as to why a consecutive rather than a concurrent sentence was required. See Hussein, 122 Hawai'i at 509, 229 P.3d at 327. This requirement serves the purposes of (1) identifying the facts or circumstances within the range of statutory factors the court considered important in imposing a consecutive sentence, which provides a meaningful rationale to the defendant, the victim, and the public, and (2) confirming for the defendant, the victim, the public, and the appellate court, that the decision to impose a consecutive sentence was

deliberate, rational, and fair. See Hussein, 122 Hawai'i at 509-10, 229 P.3d at 327-28.

The ICA did not err in concluding that the circuit court provided sufficient reasoning for its decision to impose a consecutive sentence. Although the circuit court did not specifically address the statutory factor that Barnes had "no unrelated prior criminal cases and no prior opportunities for rehabilitation," a "sentencing court is not required to articulate and explain its conclusions with respect to every factor listed in HRS § 706-606. . . . [T]he sentencing court is required to articulate its reasoning only with respect to those factors it relies on in imposing consecutive sentences." Kong, 131 Hawai'i at 102, 315 P.3d at 728 (citations omitted). The circuit court's failure to specifically address mitigating factors argued by the defense when it imposed a consecutive sentence did not amount to a clear and manifest abuse of discretion under the circumstances of this case.

Additionally, the ICA did not err by concluding that the "mitigating" facts Barnes asserted in his ICA brief — such as that police interrogations of Barnes went unrecorded, or that the children did not come forth with their allegations immediately — do not mean that the sentencing court abused its discretion. Rather, as stated by the ICA, Barnes appears to

12

suggest that the jury erred in its verdict, but that issue is not the subject of this appeal.

**B.   The Circuit Court Plainly Erred When It Considered Barnes's Refusal to Admit Guilt in Imposing His Sentence**

Pursuant to the Fifth Amendment to the United States Constitution and Article I, section 10 of the Constitution of the State of Hawai'i, a criminal defendant has the right to remain silent, which is a privilege against self-incrimination; this right "provides us with some of our most treasured protections — preservation of our autonomy, privacy, and dignity against the threat of state [coercion]."  Kamana'o, 103 Hawai'i at 320, 82 P.3d at 406 (citation omitted).  "Time has not shown that protection from the evils against which this safeguard was directed is needless or unwarranted."  Ullmann v. United States, 350 U.S. 422, 426 (1956).

In sentencing Barnes, the circuit court stated the following: "In addition, while the defendant certainly has a right to appeal all matters that are appealable, he has been uncooperative in the preparation of any aspect of the presentence report and does not appear to have expressed any sadness that the two children suffered harm of any kind."  Accordingly, we address this aspect of the circuit court's reasoning, which was quoted by the ICA, based on a plain error review.  See Barnes, SDO at 4.

Where a defendant's substantial rights have been affected, plain error review is appropriate. See State v. Miller, 122 Hawai'i 92, 100, 223 P.3d 157, 165 (2010); see also HRPP Rule 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

The "distinction between imposing a harsher sentence upon a defendant based on his or her lack of remorse, on the one hand, and punishing a defendant for his or her refusal to admit guilt," is "subtle, yet meaningful." Kamana'o, 103 Hawai'i at 321–22, 82 P.3d at 407-08 (citation omitted). Although a sentencing court "has broad discretion in imposing a sentence, and can consider the candor, conduct, remorse[,] and background of the defendant," State v. Mikasa, 111 Hawai'i 1, 8, 135 P.3d 1044, 1051 (2006) (quoting State v. Nunes, 72 Haw. 521, 526, 824 P.2d 837, 840 (1992)), it "may not impose an enhanced sentence based on a defendant's refusal to admit guilt with respect to an offense the conviction of which he intends to appeal." Barrios, 139 Hawai'i at 338, 389 P.3d at 933 (quoting Kamana'o, 103 Hawai'i at 320, 82 P.3d at 406). Based on the circuit court's quoted language above, the circuit court improperly based its sentence, in part, on Barnes's refusal to admit guilt.

In Kamana'o, this court adopted the Michigan Supreme Court's three-factor analysis set out in People v. Wesley, 428 Mich.

708, 411 N.W.2d 159 (1987), to ascertain whether a sentencing court erroneously relied on a defendant's refusal to admit guilt in imposing a sentence. See Kamana'o, 103 Hawai'i at 323, 82 P.3d at 409 (citation omitted). We quoted the following passage from Wesley regarding the three-factor analysis:

> (1) the defendant's maintenance of innocence after conviction, (2) the judge's attempt to get the defendant to admit guilt, and (3) the appearance that[,] had the defendant affirmatively admitted guilt, his sentence would not have been so severe. . . . **[I]f there is an indication of the three factors, then the sentence was likely to have been improperly influenced by the defendant's persistence in his innocence.**[4]  If, however, the record shows that the court did no more than address the factor of remorsefulness as it bore upon defendant's rehabilitation, then the court's reference to a defendant's persistent claim of innocence will not amount to error requiring reversal.

Kamana'o, 103 Hawai'i at 323, 82 P.3d at 409 (citation omitted) (emphasis added); see also Barrios, 139 Hawai'i at 338, 389 P.3d at 933 (quoting id.).  As noted above, the analysis we adopted includes the manner in which the three factors are examined: we stated "if there is an indication" of the three factors, "then the sentence was likely to have been improperly influenced by the defendant's persistence in his innocence."  Kamana'o, 103 Hawai'i at 323, 82 P.3d at 409 (citation omitted) (emphasis

---

[4]  The Dissent erroneously asserts that this opinion "reformulates" the Kamana'o analysis into a rigid "if-then" test, which is satisfied if there is an 'indication' of the factors."  Dissent, Part I.  However, we clearly stated in Kamana'o that "if there is an indication of the three factors, then the sentence was likely to have been improperly influenced by the defendant's persistence of his innocence."  Kamana'o, 103 Hawai'i at 323, 82 P.3d at 409 (citation omitted) (emphasis added).

15

added).[5] Because of the "subtle" difference between permissible and impermissible considerations at sentencing, the test is structured to safeguard the defendant's constitutional right against self-incrimination.

In this case, there is clearly an indication of the first factor, the defendant's maintenance of innocence after conviction, as Barnes maintained his innocence after conviction.

There is also an indication of the second factor, the judge's attempt to get the defendant to admit guilt, based on this court's modified interpretation of that factor to include when a sentencing court confirms the defendant is maintaining a claim of innocence. See Kamana'o, 103 Hawai'i at 323-24, 82 P.3d at 409-10 ("Regarding the second factor, although the circuit court did not coerce Kamana'o into admitting culpability for his convictions, . . . in ruling on the prosecution's motion, the circuit court did confirm with Kamana'o his persistence in maintaining his claim of innocence . . . ." (emphasis added)); see also Barrios, 139 Hawai'i at 338, 389 P.3d at 933. This confirmation may come from the PSI, statements of defense

_____

[5] We also cited to this language in State v. Nakamitsu, 140 Hawai'i 157, 166, 398 P.3d 746, 755 (2017) (citing Kamana'o, 103 Hawai'i at 323, 82 P.3d at 409).

The Dissent asserts that in Kamana'o, we "analyzed each of the factors separately and then weighed them as a whole[.]" Dissent, Part III.A.1. We disagree. We analyzed if there was an indication of the three factors, then stated that the third factor "weigh[ed] heavily in favor of vacating Kamanao's sentence." Kamana'o, 103 Hawai'i at 323-24, 82 P.3d at 409-10.

16

counsel, or the defendant. In Barnes's case, confirmations came from all three methods.

Before the sentencing hearing, as noted above, a judiciary probation officer had prepared a PSI, which is an integral component of almost all sentencing decisions in our circuit courts.[6] PSIs must be prepared and be considered by the sentencing judge for almost all felony convictions before sentencing can occur. See HRS § 706-601(1)(a) (2014) ("Except as provided in subsections (3) and (4), the court shall order a pre-sentence correctional diagnosis of the defendant and accord due consideration to a written report of the diagnosis before imposing sentence where . . . [t]he defendant has been convicted of a felony[.]").

Barnes's PSI reflected that Barnes had told the probation officer "he [was] planning to file an appeal" in the instant matters, and that he was "innocent of all the sexual assault charges against him." PSIs must be provided to the parties, and the parties must be given an opportunity to request corrections before sentencing can occur. See HRS § 706-604(2) (2014) ("The court shall furnish to the defendant or the defendant's counsel and to the prosecuting attorney a copy of the report of any pre-sentence diagnosis . . . and afford fair opportunity, if the defendant or the prosecuting attorney so requests, to controvert

---

[6] See supra n.2.

17

or supplement them."). In addition, at the beginning of Barnes's sentencing hearing, the circuit court confirmed that neither the State nor the defense was requesting any changes to the PSI. Thus, defense counsel also confirmed to the circuit court that Barnes was continuing to maintain his innocence, as he had to the probation officer preparing the PSI. Furthermore, after defense counsel had stated at the sentencing hearing that Barnes "w[ould] not be making a statement on the advice of counsel [as] [h]e intends to appeal the case," the circuit court asked Barnes for confirmation, stating, "Okay, Mr. Barnes, I just need it from your mouth. You have every right to say what you wish before sentencing. Do you wish to say anything?" Barnes responded in the negative, thereby reconfirming his intent to maintain his innocence.

As to the third factor, "the appearance that[,] had the defendant affirmatively admitted guilt, his sentence would not have been so severe," the circuit court stated before imposing the consecutive sentence that Barnes was "uncooperative in the preparation of any aspect of the presentence report" and "d[id] not appear to have expressed any sadness that the two children suffered harm of any kind." The record is therefore clear that the circuit court considered Barnes's failure to "express[] any sadness that the two children suffered harm of any kind" when sentencing him, even though Barnes could not have "expressed"

18

such specific "sadness" without abrogating his right to remain silent at trial and at the sentencing hearing.[7]  Thus, Barnes cannot be penalized for failing to "express" himself or communicate, even if, as the Dissent suggests, it is possible to "express[] sadness . . . without admitting . . . guilt."[8]  Dissent, Part III.B.2.

As stated above, Barnes's "uncooperative" nature with respect to the PSI was based on his continued professed innocence.  In other words, Barnes's maintenance of his innocence is inextricably linked to the manner in which he responded to the presentence investigation and his silence (and hence failure to "express sadness") at the sentencing hearing.  Thus, when discussing the HRS § 706-606 factors, the sentencing

---

[7]  Further illustrating this point is the Dissent's strained distinction between Barnes's failure to "express[] sadness that the two children suffered harm of any kind" — as admonished by the circuit court — and a failure to show remorse.  According to the Dissent, the sentencing judge's comment that Barnes did not "express sadness" does not amount to commenting on a lack of remorse because "one can convey 'sadness' . . . without any admission of wrongdoing."  Dissent, Part III.B.2.  Even if this were possible, and even if this were the sentencing court's aim, the Kamana'o test requires only an "appearance" of the third factor; here, there nevertheless is an appearance that, had Barnes "affirmatively admitted guilt, his sentence would not have been so severe."

[8]  Further, the Dissent conflates situations in which a "defendant [has] admit[ted] certain facts which, while insufficient to convict, indicate wrongful action" and "lack of remorse regarding the admitted facts," with a negative inference drawn from a defendant's silence by a sentencing judge.  Wesley, 411 N.W.2d at 167 (Brickley, J., concurring) (footnote omitted) (emphasis added).  In the former situation, "[i]t would seem appropriate to consider a defendant's callousness or indifference to the plight of the victim, even if he continues to maintain his innocence."  Id.  However, it is not appropriate in the latter situation, when a defendant's indifference to the "plight of the victim" actually relates to the defendant's right to remain silent.

19

court faulted Barnes's persistence in his innocence.

Accordingly, although the primary justification raised by the

State's Motion was that there were two, not one, child victims

in this matter, and the circuit court repeatedly emphasized that

two children, not one, were harmed based on the circuit court's

foregoing comments, there is clearly an "appearance" that had

the defendant affirmatively admitted guilt, his sentence would

not have been so severe,[9] and the third factor of the Kamana'o

test is satisfied.

Although a sentencing court's reference to a defendant's

claim of innocence will not amount to error requiring vacatur

and resentencing "[i]f . . . the record shows that the court did

no more than address the factor of remorsefulness as it bore

upon defendant's rehabilitation," that is not the case here as

the record does not demonstrate that Barnes's lack of

cooperation and remorse or empathy were considered by the

---

[9]    The Dissent suggests that the circuit court's reference to Barnes's
lack of cooperation in the preparation of the presentence report does not
amount to commenting on Barnes's refusal to admit guilt. See Dissent, Part
III.B.3. This suggestion does not adequately consider, however, the circuit
court's preface to its statement: "In addition, **while the defendant certainly
has a right to appeal all matters that are appealable**, he has been
uncooperative in the preparation of any aspect of the presentence report . .
. ." (Emphasis added). The circuit court thus juxtaposed Barnes's lack of
cooperation with his right to appeal his conviction, i.e., his claim of
innocence. Accordingly, when the sentencing judge's full comments regarding
the HRS § 706-606 factors are considered, as urged by the Dissent, there is
clearly "an appearance" of the third factor. The Dissent concludes, "there
is no appearance that, had Barnes affirmatively admitted guilt, his sentence
would not have been so severe." Dissent, Part III.B.3. This is not the
applicable test, and even if it were, this is plainly not the case.

20

circuit court <u>only</u> as it pertained to his rehabilitation. Kamana'o, 103 Hawai'i at 323, 82 P.3d at 409.

The <u>Kamana'o</u> test is not one where the three factors are first individually weighed before being balanced against the sentencing court's other stated considerations, as described by the Dissent. <u>See</u> Dissent, Part III.A.1. Rather, the test is an "if-then" test that follows from the basic tenet that "a sentencing court cannot, **in whole or in part**, base its sentence on a defendant's refusal to admit guilt." <u>Wesley</u>, 411 N.W.2d at 161 (citing <u>People v. Yennior</u>, 282 N.W.2d 920 (Mich. 1977)) (emphasis added). Specifically, this court held that "**if there is an indication** of the three factors, **then** the sentence was likely to have been improperly influenced by the defendant's persistence in his innocence." <u>Kamana'o</u>, 103 Hawai'i at 323, 89 P.3d at 409 (citing <u>Wesley</u>, 411 N.W.2d at 162) (emphasis added).[10] In structuring the <u>Kamana'o</u> test in this manner, this court recognized the need for safeguards for "some of our most treasured protections – preservation of our autonomy, privacy, and dignity against the threat of state action." <u>Kamana'o</u>, 103 Hawai'i at 320, 82 P.3d at 406.

---

[10] Indeed, that the Dissent interprets the sentencing court's statement that Barnes was "uncooperative in the preparation of any aspect of the presentence report" differently from the Majority illustrates why an "indication" of the three factors is sufficient to show that "the sentence was likely to have been improperly influenced by the defendant's persistence in his innocence." <u>See</u> Dissent, Part III.B.3.

21

In the light that all three factors are satisfied, there is clearly an "indication" that Barnes's "sentence was likely to have been improperly influenced" by his persistence in his innocence. Kamana'o, 103 Hawai'i at 323, 82 P. 3d at 409 (citation omitted). For these reasons, Barnes's sentence must be vacated so that he may be resentenced. See Barrios, 139 Hawai'i at 339, 389 P.3d at 934 (remanding to the circuit court for resentencing) (citation omitted).

## V. Conclusion

For the foregoing reasons, we vacate the ICA's October 2, 2017 Judgment on Appeal. We also vacate the portion of the circuit court's October 26, 2015 Judgment of Conviction and Sentence sentencing Barnes, and remand to the circuit court for resentencing, consistent with this opinion.

| | |
|---|---|
| Shawn A. Luiz,<br>for petitioner | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| Loren J. Thomas, DPA,<br>for respondent | /s/ Michael D. Wilson |

