**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000168**
**09-MAY-2022**
**07:56 AM**
**Dkt. 55 SO**

NO. CAAP-21-0000168

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
RONALD MELVIN BARNES, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 1FC121000057)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Ronald M. Barnes (**Barnes**) appeals from the February 19, 2021 Judgment of Conviction and Sentence; Notice of Entry (**Resentencing Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

This appeal arises from a resentencing upon remand from a prior appeal. On March 31, 2015, a jury found Barnes guilty of five counts of Sexual Assault in the First Degree (**Sexual Assault First**) under Hawaii Revised Statutes (**HRS**) § 707-730(1)(b) (2014).[2] On October 26, 2015, Barnes was sentenced to 20 years

---

[1]    The Honorable Kevin A. Souza presided over the resentencing hearing. The Honorable Karen S.S. Ahn presided over the original trial and sentencing.

[2]    HRS § 707-730 states, in pertinent part:

> **§ 707-730  Sexual assault in the first degree.**
> (1) A person commits the offense of sexual assault in the first degree if:

(continued...)

of imprisonment for each of Counts 1, 3, 5, and 6, to run concurrently with each other, and 20 years of imprisonment for Count 13, to run consecutively with the other counts.  The Hawaiʻi Supreme Court vacated the sentence and remanded for resentencing after it concluded that the sentencing court plainly erred when it considered Barnes's failure to express sadness or admit guilt at his initial sentencing.  State v. Barnes, 145 Hawaiʻi 213, 220-22, 450 P.3d 743, 750-52 (2019) (**Barnes I**).  On February 19, 2021, Barnes was sentenced by a different judge to 20 years of imprisonment for Counts 1, 3, 5, and 6, to run concurrently with each other, and 20 years of imprisonment for Count 13, to run consecutively with the other counts.  Barnes timely filed a notice of appeal.

Barnes raises a single point of error on appeal, contending that the Circuit Court abused its discretion in sentencing Barnes to a consecutive term of imprisonment with respect to Count 13, rather than all concurrent terms, *i.e.*, a maximum 20-year term of imprisonment.

Barnes has also filed a motion for retention of oral argument in this case, which is hereby DENIED.

---

[2](...continued)

    . . . .

    (b)   The person knowingly engages in sexual
          penetration with another person who is
          less than fourteen years old;

    . . . .

    (2)   Sexual assault in the first degree is a
          class A  felony.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Barnes's point of error as follows:

Barnes argues that the Circuit Court abused its discretion in imposing a consecutive sentence in this case because the consecutive sentence was not warranted and the Circuit Court's statements during sentencing showed that Barnes was prejudiced by extraneous factors such as the state of the alleged victims in 2021, rather than at the time of the offense.

Under HRS § 706-668.5(2) (2014),[3] when determining whether to impose multiple terms of imprisonment concurrently or consecutively, a court "shall consider the factors set forth in [HRS §] 706-606." When imposing consecutive terms of imprisonment, "a court must state its reasons as to why a consecutive sentence rather than a concurrent one was required." Lewi v. State, 145 Hawaiʻi 333, 350, 452 P.3d 330, 347 (2019) (quoting State v. Hussein, 122 Hawaiʻi 495, 509, 229 P.3d 313, 327 (2010)).

---

[3]     HRS § 706-668.5 states:

   **§ 706-668.5  Multiple sentence of imprisonment.**  (1) If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively.  Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.

   (2)  The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606.

> [T]he dual purposes behind the requirement that
> reasons be stated for a court's imposition of a
> consecutive sentence are to "(1) identify [] the facts
> or circumstances within the range of statutory factors
> that the court considered, and (2) confirm [] for the
> defendant, the victim, the public, and the appellate
> court that the decision was deliberate, rational, and
> fair."

Id. (quoting State v. Kong, 131 Hawaiʻi 94, 102-03, 315 P.3d 720, 728-29 (2013)).

However, a sentencing court "is not required to articulate and explain its conclusions with respect to every factor listed in HRS § 706-606. Rather, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606." Id. at 350-51, 452 P.3d at 347-48 (quoting Kong, 131 Hawaiʻi at 102, 315 P.3d at 72) (internal footnote and quotations omitted). Accordingly, a sentencing court "is required to articulate its reasoning only with respect to those factors it relies on in imposing consecutive sentences." Id.

Here, upon resentencing, the Circuit Court articulated its consideration and application of the HRS § 706-606 factors:

> With respect to the nature and circumstance of the
> underlying offense and the nature and characteristics of the
> defendant, the court does find that this was an egregious
> breach of trust of two young children who the defendant was
> essentially a stepfather to.
>
> . . . .
>
> These offenses were committed against young and
> vulnerable victims. The court finds that the serious nature
> of these offenses indicates that the defendant is indeed a
> danger to the safety of the public. These factors when
> considering the factors of the nature of the offense, nature
> and circumstance of the underlying offense, and the nature
> and characteristics of the defendant do weigh in favor of
> consecutive sentencing.
>
> . . . .
>
> This court has reviewed the victim impact statements
> that were submitted by both children. The court must say
> that in reviewing the victim impact statements, they do

> describe the fear and the sadness that [Barnes's] conduct caused them and their family and how [Barnes's] conduct has caused them lasting trauma. And based on Madam Prosecutor's representations to the court today, the court finds that even as adults the victims in this case still feel the effects of the trauma caused by [Barnes's] conduct.
>
> The occurrence and the description of even one of the counts here is shocking and horrifying. As Madam Prosecutor correctly points out, the offenses are what they are, and her description of the offenses for sentencing purposes the court does not find to be inflammatory. The court finds them to be merely a description of the evidence presented at trial that the jury based its verdict on. And here we have not just one occurrence, we have five counts, not just one. Here we have two young vulnerable victims, not just one.
>
> So when the court takes into account the serious nature of these offenses as well as the need to promote respect for the law and to provide a just punishment, the court again finds that these factors weigh in favor of consecutive sentencing. And the court does again reiterate that it finds that the defendant is a danger to the public.
>
> Finally, with respect to affording adequate deterrence to criminal conduct and to promote protection -- and for the protection of the public, the court finds that due to the magnitude of the harm and lasting psychological trauma that the defendant caused on these two victims at a young and tender age, and noting how the sexual assault spanned a substantial period of time, involving acts of deception to both children and to adults, and the deep and profound betrayal of trust by someone in a position to be a father figure, it is this court's judgment that a just punishment that protects the public from harm and provides an adequate deterrence to future criminal conduct is a consecutive sentence.

We conclude that the Circuit Court did not abuse its discretion in imposing the term of imprisonment for one count, which stemmed from sexual assault of a second victim under the age of fourteen, consecutive to the four concurrent terms, which stemmed from the four sexual assault convictions as to the first victim. The Circuit Court explained its application of each of the HRS § 706-606 factors that it considered. Regarding the nature and circumstance of the underlying offense and characteristics of the defendant, the Circuit Court found that this was "an egregious breach of trust of two young children" and that Barnes was "essentially [their] stepfather". The Circuit

Court also considered the need for the sentence imposed in light of the serious nature of these offenses as well as the need to promote respect for the law and to provide a just punishment. The court determined that those factors weighed in favor of consecutive sentencing and reiterated that it found Barnes to be a danger to the public. The Circuit Court adequately explained the rationale for imposing consecutive sentences, and in doing so confirmed for Barnes, the public, and this court that the decision to impose consecutive sentences was deliberate, rational, and fair. The Circuit Court further explained that the consecutive sentence served as an appropriate and effective future deterrent, as Barnes's acts constituted a crime of opportunity that could perhaps happen again.

Barnes contends that the Circuit Court improperly considered the "state of the alleged victims in 2021 rather than at the time of the offense." Barnes's contention stems from the State's argument at resentencing that the things Barnes did to the two children were horrific and that the children were still suffering as young adults, as a result of Barnes's acts of abuse. The Presentencing Investigation Report (**PSI**) reviewed by the resentencing judge did not include any new statements, but did include 2015 Victim Impact Statements from both of the children, in which they described how the abuse, which began in 2001, continued to affect them.

Importantly, Barnes failed to object to the State's argument or otherwise raise this issue at the time of resentencing. "Generally, if a party does not raise an argument

at trial, that argument is deemed waived on appeal." State v. McDonnell, 141 Hawaiʻi 280, 295, 409 P.3d 684, 699 (2017) (citing State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003)); see also Kong, 131 Hawaiʻi at 107, 315 P.3d at 733 (declining to exercise plain error review where the defendant-appellant did not challenge the PSI in the circuit court). Barnes's counsel addressed the Circuit Court after the State made its proffer that the children continued to suffer as young adults. Counsel did not object to or otherwise address the State's assertion. Instead, counsel argued that Barnes was not a "child predator," that he was not a danger to the community, and that concurrent 20-year sentences were appropriate.[4] Barnes's argument regarding the victims' continued suffering is waived, and we decline to exercise plain error review of this issue. Based on the entirety of the record, we conclude that the Circuit Court did not abuse its discretion in sentencing Barnes to a consecutive term of imprisonment.

For these reasons, the Circuit Court's February 19, 2021 Resentencing Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, May 9, 2022.

| On the briefs: | /s/ Lisa M. Ginoza |
| | Chief Judge |
| Shawn A. Luiz, | |
| for Defendant-Appellant. | /s/ Katherine G. Leonard |
| | Associate Judge |
| Loren J. Thomas, | |
| Deputy Prosecuting Attorney, | /s/ Clyde J. Wadsworth |
| City and County of Honolulu, | Associate Judge |
| for Plaintiff-Appellee. | |

---

[4] Barnes also addressed the Circuit Court; he reiterated his claim of innocence, but did not otherwise address the State's proffer.